(February 9, 1981)

■ ASSOCIATES COMMERCIAL CORPORATION OF DELAWARE, INC., Respondent, v LEROY WHITE, Defendant, and INTERWORLD DISTRIBUTION SERVICES, Respondent. JOSEPH HELD CO., INC., Defendant and Third-Party Plaintiff-Appellant; ALLSTATE INSURANCE CO., Third-Party Defendant-Respondent. — In an action, *inter alia,* to recover moneys due on a retail installment sales contract, the defendant third-party plaintiff, Joseph Held Co., Inc., appeals from so much of two orders of the Supreme Court, Nassau County, dated June 11, 1980 and June 16, 1980, respectively, and amended by a third order of the same court, dated August 13, 1980, as granted plaintiff's motion for summary judgment against it and severed its cross claim and third-party action. Appeal from the order dated June 11, 1980 dismissed. That order was superseded by the order dated June 16, 1980. Order dated June 16, 1980, as amended, reversed insofar as appealed from, on the law, order dated June 11, 1980 vacated, plaintiff's motion for summary judgment as against the defendant third-party plaintiff is denied, the cross claim is reinstated and the third-party action is rejoined to the main action. Appellant is awarded one bill of $50 costs and disbursements payable by plaintiff to cover all appeals. Plaintiff is the assignee of a retail sales agreement for a GMC tractor purchased by defendant White. Defendant Interworld Distribution Services (Interworld), White's employer, agreed to have the vehicle insured under an insurance policy Interworld had with third-party defendant Allstate Insurance Company (Allstate), which policy covered other vehicles. Interworld asked defendant third-party plaintiff Joseph Held Co. (Held), Interworld's broker, to place the insurance. Held evidently did so; nonetheless, when the tractor was stolen (within two months of its purchase) Allstate denied coverage. Plaintiff commenced this action against White, Interworld and Held. As against Held, plaintiff alleged that plaintiff's assignor was advised by Held that insurance on the subject tractor was being placed under Interworld's insurance policy with Allstate "and that plaintiff would be named as mortgagee and loss payee under said policy." Plaintiff further alleged that, "Upon information and belief, the insurance * * * was not placed [, for] Allstate Insurance Company * * * has refused to pay the loss." Plaintiff demanded the sum of $12,550, the amount owed on the retail sales agreement. Defendant Held denied that it had been negligent or that it had breached its agreement, and commenced a third-party action against Allstate. Plaintiff moved for summary judgment against Held on the ground that plaintiff had properly relied on Held's representation that insurance had been placed, and since payment for the stolen vehicle by the insurer was not forthcoming, Held was liable. Plaintiff's operations manager averred that it should not have to await settlement of any dispute between Held and Allstate as to whether the insurance had been placed. Special Term agreed; it granted plaintiff's motion for summary judgment as against Held and severed the third-party action. We reverse. There are issues of fact which must await a trial. It is clear from the record, as Special Term found, that by letter dated March 30, 1980 Held

requested the insurance coverage with plaintiff as mortgagee and forwarded, with the request, a check for $750 as a deposit on the premium. Allstate cashed the check on April 3, 1980. In order for plaintiff to have summary judgment, it must establish as a matter of law that the defendant Held failed to discharge the duties imposed by the agreement either by breach of contract or by negligence (see *MacDonald v Carpenter & Pelton*, 31 AD2d 952). Since defendant submitted proof in opposition to the motion tending to show that it did not breach its agreement to place the insurance, plaintiff is not entitled to summary judgment on that ground. If there is a basis to cast Held in negligence, plaintiff has not established it on this motion. Plaintiff's contention that *MacDonald (supra)* is inapposite because only three days elapsed between the time defendant therein agreed to obtain additional insurance coverage and the time the damages were sustained is beside the point. That factual distinction does not reach the principles enunciated in *MacDonald (supra)* which are relevant to the present case: to wit, that plaintiff must establish that Held failed to discharge the duties imposed by the agreement to obtain insurance, either by proof that it breached the agreement or because it failed to exercise due care in the transaction. In view of the reversal of the grant of summary judgment, it is appropriate to rejoin the third-party action and reinstate the cross claim. Lazer, J. P., Mangano, Cohalan and Margett, JJ., concur.