■ PARKSET PLUMBING & HEATING CORP., Respondent, v RELIANCE INSURANCE COMPANY et al., Appellants, et al., Defendant. — In an action for a declaratory judgment to determine the duty of the defendants insurance companies to defend plaintiff in an action brought against it by defendant Mitchell Gardens No. 3 Cooperative Corp., defendants insurance companies separately appeal from a judgment of the Supreme Court, Queens County (Giaccio, J.), dated March 31, 1981, which, inter alia, ordered the insurance companies to undertake plaintiff's representation in the other action and to indemnify it against any liability and to pay attorney's fees for plaintiff's defense of the other action and prosecution of this action for a declaratory judgment. Judgment reversed, on the law, with one bill of costs, and it is declared that the appellants are not required to defend and/or indemnify the plaintiff in an action brought against it by defendant Mitchell Gardens No. 3 Cooperative Corp. and are not required to pay attorney's fees for plaintiff's defense with respect to such other action and prosecution of this action for a declaratory judgment. Plaintiff Parkset Plumbing & Heating Corp. is a plumbing contractor and was performing certain installations for defendant Mitchell Gardens from January, 1973 to approximately October, 1973. Up until May 17,

1973, Parkset was insured under a general liability policy by defendant Aetna Casualty & Surety Company; thereafter, plaintiff was insured by defendant Reliance Insurance Company. Sometime during the time it was working for Mitchell Gardens, Parkset was notified that at least a dozen of the tenants had been scalded by the malfunctioning of the showers Parkset had installed. Parkset at first could find nothing wrong, but eventually determined that the difficulty was caused by defective shower heads it had installed at Mitchell Gardens' request. Parkset then contacted the manufacturer, which provided the Mitchell Gardens' superintendent with material which would allegedly alleviate the problem. Parkset never notified either of the insurance companies about these incidents, ·and could not with certainty state when the problems had occurred, or when the complaints had been made. In 1978 Mitchell Gardens brought an action against Parkset, essentially alleging breach of contract and negligent·and careless performance of the plumbing work, to Mitchell Gardens' detriment. The complaint alleged that the causes of action arose in or about June of 1974, when it had complained of Parkset's workmanship and demanded that it be corrected. Parkset never told either of its insurers of any such demand until receipt of the summons and complaint in 1978. In early 1979, both insurers denied coverage, and this declaratory judgment action was begun. While it is true that insurance companies have a broad and heavy duty to defend and must defend even where coverage of the claim against its insured is debatable (*International Paper Co. v Continental Cas. Co.*, 35 NY2d 322; *Green Bus Lines v Consolidated Mut. Ins. Co.*, 74 AD2d 136), the determination of the insurer's duty to defend must be drawn from the complaint (*Ruder & Finn v Seaboard Sur. Co.*, 52 NY2d 663). The complaint in Mitchell Gardens' action against Parkset is clearly one sounding in contract and not in negligence (cf. *International Paper Co. v Continental Cas. Co., supra*), and the mere use of the word "negligent" alone cannot turn the complaint into a cause of action for negligence (see, e.g., *J.G.A. Constr. Corp. v Charter Oak Fire Ins. Co.*, 66 AD2d 315). It cannot be contended that the parties "intended these liability policies to operate as performance bonds for the work performed by plaintiff or his subcontractor (*J.G.A. Constr. Corp. v Charter Oak Fire Ins. Co., supra,* p 319). This type of action is directly within the exclusions of the policies and the defendant insurers are not required to defend. Weinstein, J. P., O'Connor, Bracken and Rubin, JJ., concur.