■ Mary F. Tucci, Respondent, v Hartford Casualty Insurance Company et al., Appellants.—In an action, *inter alia,* to recover damages for breach of contract, the defendant Maloney Bindseil Agency, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (McCarthy, J.), dated June 1, 1989, as denied its cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as it is asserted against it, and the defendant Hartford Casualty Insurance Company separately appeals from so much of the same order as denied its cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff was issued a "Temporary New York State Insurance Card", or an "FS-21", by the Maloney Bindseil Agency, Inc., an authorized agent of the Hartford Casualty Insurance Company. Seven days after the issuance of the FS-21, the plaintiff was involved in a motor vehicle accident. Hartford denied coverage on the ground that it never received notice from its agent of the plaintiff's application, and that it did not have a policy in effect for the plaintiff. As a result, the plaintiff brought suit against the agent, Maloney Bindseil Agency, Inc., claiming that it had breached its contract and/or was negligent when it failed to have an insurance policy issued or delivered. In addition, the plaintiff brought an action against Hartford Casualty Insurance Company for a judgment declaring that it is required to defend and indemnify the plaintiff in an action brought against her to recover damages for personal injuries arising out of the automobile accident.

The defendant Maloney's motion to dismiss the complaint for failure to state a cause of action was properly denied. When an insurance agent undertakes to obtain a policy of insurance for a client, the agent may be held liable for neglect if it fails to procure such a policy (see, Spiegel v Metropolitan Life Ins. Co., 6 NY2d 91). The fact that an agent acts for a disclosed principal does not relieve the agent of liability for its own negligent acts (see, Jones v Archibald, 45 AD2d 532).

Further, since a principal must answer to an innocent third person for the misconduct of an agent acting within the scope of its authority, Hartford's motion for summary judgment was also properly denied (see, Ernst Iron Works v Duralith Corp., 270 NY 165; 3 NY Jur 2d, Agency, §§ 239, 249). Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.