■ JAMES SCHOENEMAN et al., Respondents, v RESOLUTION TRUST Co., Appellant. [601 NYS2d 13] —In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Namm, J.), entered May 2, 1990, as granted that branch of the plaintiffs' cross motion which was for partial summary judgment as to liability with respect to the second cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiffs' cross motion for summary judgment is denied in its entirety.

We agree with the defendant that the Supreme Court erred in granting partial summary judgment to the plaintiffs.

On August 24, 1979, the defendant sent the plaintiffs a so-called regulation "Z" disclosure form, together with a mortgage loan commitment letter, on which the plaintiffs were asked to indicate whether they desired optional disability and

life insurance. The plaintiffs filled out the form and stated that they wanted both types of optional coverage. The plaintiffs also completed and returned to the defendant an application for life insurance which had been sent to them with the regulation "Z" form. A life insurance policy was issued to the plaintiffs shortly after the closing took place. However, and despite the plaintiffs' election for the optional disability coverage, the defendant never took any steps to obtain such a policy. Nor did the defendant inform the plaintiffs that the coverage had never been obtained.

Some eight years after the mortgage was given, the plaintiff James Schoeneman became disabled and requested disability coverage, but the defendant indicated that no such coverage existed.

The Supreme Court subsequently granted that branch of the plaintiffs' cross motion which was for partial summary judgment as to their second cause of action, finding that no questions of fact existed with respect to the defendant's obligation to procure the requested disability coverage. We reverse.

Although the defendant did elicit the plaintiffs' request for disability insurance, thereby implying that it would obtain the coverage (cf., Tucci v Hartford Cas. Ins. Co., 167 AD2d 387), we find that questions of fact exist with respect to, *inter alia*, whether the plaintiffs could reasonably have relied upon the defendant's representation that such a policy would be procured.

Specifically, the record indicates that the plaintiffs completed a life insurance application and subsequently received a life insurance certificate indicating that a policy had been issued. In contrast, the plaintiffs never filled out any application for disability insurance. Moreover, the plaintiffs' annual mortgage statements contained entries for all insurance premium deductions and other monthly expenses associated with the loan, but contained no entry for disability premium deductions. Under these circumstances, material questions of fact remain with respect to the defendant's liability, thereby precluding any award of summary judgment. Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.