■ SALVATORE SAFONTE et al., Respondents, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant. [664 NYS2d 806] —In consolidated actions to recover on two insurance policies, the defendant appeals from an order of the Supreme Court, Kings County (Garry, J.), dated September 16, 1996, which denied its motion for leave to renew that branch of its prior motion which was treated by the court as being for summary judgment dismissing the complaints.

Ordered that the order is reversed, on the law, with costs,

the motion for leave to renew is granted, and, upon renewal, that branch of the defendant's prior motion which was treated by the court as being for summary judgment dismissing the complaints is granted.

These actions to recover for two fire losses were commenced after expiration of the two-year contractual limitations period set forth in the insurance policies issued by the defendant. The Supreme Court erred in failing to grant summary judgment dismissing the actions as untimely. While the plaintiffs contend that the defendant waived or is estopped from asserting the limitations period as a defense, they failed to demonstrate any triable issue with regard to waiver or estoppel.

The plaintiff Tony Safonte, an agent for the other plaintiffs, admittedly committed fraud in connection with the presentation of the claims to the defendant. The plaintiffs are liable for his fraudulent conduct committed within the scope of his employment (*see, Adler v Helman,* 169 AD2d 925; *Tucci v Hartford Cas. Ins. Co.,* 167 AD2d 387; 3 NY Jur 2d, Agency, §§ 243, 244). Since any assurances of payment allegedly made by the defendant's claims representative were induced by Safonte's fraud, the plaintiffs cannot rely on waiver or estoppel to avoid application of the contractual period of limitations (*see,* 3 NY Jur 2d, Agency, § 243, at 68). Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur.