■ JENNIFER SANTANIELLO, Respondent, v INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant, and S&S INSURANCE, INC., Respondent. [700 NYS2d 230] —In an action, *inter alia*, for a judgment declaring that the plaintiff is entitled to increased uninsured/underinsured motorist coverage in the amount of $100,000/$300,000 under an automobile insurance policy issued by the defendant Interboro Mutual Indemnity Insurance Co. to the plaintiff, the defendant Interboro Mutual Indemnity Insurance Company appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated December 14, 1998, as granted the motion of the defendant S&S Insurance, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant S&S Insurance, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the appellant is not aggrieved thereby (*see, Hauser v North Rockland Cent. School Dist. No. 1*, 166 AD2d 553); and it is further,

Ordered that the order is reversed insofar as reviewed, that branch of the motion of the defendant S&S Insurance, Inc., which was for summary judgment dismissing the cross claims insofar as asserted against it is denied, and the cross claims asserted against the defendant S&S Insurance, Inc., are reinstated; and it is further,

Ordered that the appellant is awarded one bill of costs.

As a general rule, "insurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of their inability to do so" (*Murphy v Kuhn*, 90 NY2d 266, 270; *see, Chaim v Benedict*, 216 AD2d 347). An agent may be held liable for neglect in failing to procure the requested insurance (*see, Island Cycle Sales v Khlopin*, 126 AD2d 516). An insured "must establish that [the agent] failed to discharge the duties imposed by the agreement to obtain insurance, either by proof that it breached the agreement or because it failed to exercise due care in the transaction" (*Associates Commercial Corp. v White*, 80 AD2d 570, 571). In the instant case, there are triable issues of fact as to whether the defendant S&S Insurance, Inc., exercised due

care to ensure that the requested coverage had been issued (*see, e.g., Jamaica Bay Riding Academy v William F. Slack, Inc.,* 204 AD2d 398). Bracken, J. P., Joy, Goldstein and Luciano, JJ., concur.