◼ AMERICAN REF-FUEL COMPANY OF HEMPSTEAD, Plaintiff, v RESOURCE RECYCLING, INC., et al., Defendants, JACK O. A. NELSON AGENCY et al., Appellants, and UNIVERSAL WELDING & ENGINEERING, Defendant and Third-Party Plaintiff-Respondent. FIREMAN'S FUND INSURANCE COMPANY OF WISCONSIN et al., Third-Party Defendants-Respondents. [722 NYS2d 571] —In an action, inter alia, to recover damages for breach of a contract to procure insurance, the defendants Jack O. A. Nelson Agency and Donald Miller appeal from an order of the Supreme Court, Nassau County (McCaffrey, J.), entered March

28, 2000, which granted the separate motions of the defendant third-party plaintiff, Universal Welding & Engineering, and the third-party defendants, Fireman's Fund Insurance Company of Wisconsin and Fireman's Fund Insurance Company of New York, for summary judgment on the cross claim of Universal Welding & Engineering insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

"[A]n agent or broker may be held liable for neglect in failing to procure insurance with liability limited to that which would have been borne by the insurer had the policy been in force" (*Kinns v Schulz,* 131 AD2d 957, 959; *see, Tucci v Hartford Cas. Ins. Co.,* 167 AD2d 387, 388; *American Motorists Ins. Co. v Salvatore,* 102 AD2d 342, 346). Liability may be based upon either breach of contract or tort (*see, Kinns v Schulz, supra; American Motorists Ins. Co. v Salvatore, supra*). The fact that an agent acts for a disclosed principal does not relieve the agent of liability for its own negligent acts (*see, Tucci v Hartford Cas. Ins. Co., supra,* at 388).

Here, the respondents proffered sufficient evidence to establish the entitlement of the defendant third-party plaintiff to summary judgment as a matter of law on its cross claim against the appellants. The appellants' opposing papers were insufficient to raise a triable issue of fact that they were not negligent in failing to procure the requested insurance coverage (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557).

The appellants' remaining contentions are without merit. Altman, J. P., McGinity, Luciano and H. Miller, JJ., concur.