■ STRUCTURAL BUILDING PRODUCTS CORP. et al., Respondents, v BUSINESS INSURANCE AGENCY, INC., Appellant-Respondent, and MERCHANTS INSURANCE COMPANY OF NEW HAMPSHIRE, INC., Respondent-Appellant. [722 NYS2d 559] —In an action, *inter alia*, for a judgment declaring that the defendant Merchants Insurance Company of New Hampshire, Inc., is obligated to defend and/or indemnify the plaintiffs in an underlying action entitled *Plato Gen. Constr. Corp. v S & J Sheet Metal*, pending in the Supreme Court, Suffolk County, under Index No. 3135/94, (1) the defendant Business Insurance Agency, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated November 22, 1999, as denied those branches of its cross motion which were for summary judgment dismissing the complaint insofar as asserted against it and on its cross claim, and the defendant Merchants Insurance Company of New Hamp-

shire, Inc., cross-appeals, as limited by its brief, from so much of the same order as granted the plaintiffs' motion for summary judgment against it on the third cause of action to declare that it is obligated to defend and indemnify them and denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) the defendant Business Insurance Agency, Inc., appeals and the defendant Merchants Insurance Company of New Hampshire, Inc., cross-appeals, as limited by their respective briefs, from so much of an order of the same court dated April 24, 2000, as, upon granting their separate motions for leave to reargue, adhered to the original determination.

Ordered that the appeals from the order dated November 22, 1999, are dismissed, as that order was superseded by the order dated April 24, 2000, made upon reargument; and it is further,

Ordered that the order dated April 24, 2000, is modified, on the law, by deleting the provisions thereof adhering to so much of the order dated November 22, 1999, as (1) denied the motion of the defendant Merchants Insurance Company of New Hampshire, Inc., for summary judgment dismissing the complaint insofar as asserted against it, (2) denied that branch of the cross motion of the defendant Business Insurance Agency, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and (3) granted that branch of the plaintiffs' motion which was for summary judgment on their third cause of action and substituting therefor provisions (1) granting the cross motion of the defendant Merchants Insurance Company of New Hampshire, Inc., (2) granting that branch of the cross motion of the defendant Business Insurance Agency, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and (3) denying that branch of the plaintiffs' motion which was for summary judgment on its third cause of action; as so modified, the order dated April 24, 2000, is affirmed insofar as appealed from, the order dated November 22, 1999, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment declaring that Merchants Insurance Company of New Hampshire, Inc., is not obligated to defend or indemnify the plaintiffs in the underlying action; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff, Structural Building Products Corp., is a company which distributes various construction related items and accessories, and the plaintiff Alan Birnbaum is its president (hereinafter collectively Structural). Plato General

Construction Corp. (hereinafter Plato), the plaintiff in the underlying action, claims that on or about July 2, 1993, a company known as S & J Supply, Inc. (hereinafter S & J), ordered waterproofing adhesives from Structural to be used by Plato in connection with the renovation of a school in Huntington. Plato claimed that after it applied the adhesive to the school walls, it discovered that the adhesive contained asbestos. Plato claimed that, as a result, it incurred additional costs and damages, including lost profits, in connection with the additional work it was required to do to remedy the situation. Plato commenced an action against, among others, Structural, *inter alia*, to recover damages for breach of contract. At the time of the incident, Structural was covered by a commercial general liability policy issued by the defendant Merchants Insurance Company of New Hampshire, Inc. (hereinafter Merchants), through the defendant Business Insurance Agency, Inc. (hereinafter BIA), Structural's broker. Structural commenced this action against Merchants and BIA, *inter alia*, for a judgment declaring that Merchants is obligated to defend and indemnify it in the Plato action.

We agree with Merchants' contention that the Supreme Court misconstrued the terms of the policy to create an ambiguity, thereby creating coverage where none existed. It is clear that the claims in the Plato action do not fall within the scope of the insurance coverage provided by the Merchants' policy. That policy provided coverage only for claims arising out of "bodily injury" or "property damage," and the complaint in the Plato action does not seek to recover for those types of damages.

The general rule is that a commercial general liability insurance policy does not afford coverage for breach of contract, but rather for bodily injury and property damage. To hold otherwise would render an insurance carrier a surety for the performance of its insured's work (*see, Zandri Constr. Co. v Firemen's Ins. Co.,* 81 AD2d 106, *affd sub nom. Zandri Constr. Co. v Stanley H. Calkins, Inc.,* 54 NY2d 999; *Willets Point Contr. Corp. v Hartford Ins. Group,* 75 AD2d 254; *Bryam Hills Cent. School v State Ins. Fund,* 97 AD2d 495; *Parkset Plumbing & Heating Corp. v Reliance Ins. Co.,* 87 AD2d 646). In the underlying action, Plato alleged that it suffered economic loss because it was required to remove the asbestos-containing adhesive from the Huntington school. Plato's complaint alleged causes of action sounding in lost profits, extra costs due to delay and performance of extra work, breach of contract, breach of warranty, negligence, negligent misrepresentation and fraud, and false

advertising. Plato did not seek to recover for property damage, as it did not own the property where the adhesive was used.

Based on the Merchants' policy which provides coverage only for bodily injury and property damage, the allegations in the complaint in the Plato action do not require Merchants to defend or indemnify Structural in that action. We reach this conclusion without reliance on any exclusions contained in the Merchants' policy.

There is also no obligation on the part of Merchants to defend or indemnify Structural in connection with the third cause of action in the Plato complaint. That cause of action alleges that Structural engaged in false advertising and misleading trade practices when it made written statements that its adhesive was asbestos-free, when in fact it contained asbestos. The "Advertising Liability Offense" section of the Merchants' policy provides coverage for damages because of "advertising offense." The term advertising offense "means injury incurred in the course of the [plaintiff's] advertising activities" if the injury arises out of "libel, slander, defamation, violation of a right to privacy, piracy, unfair completion or infringement of copyright, title or slogan." The complaint in the Plato action does not allege any facts that would bring it within the coverage provided by the policy.

The Supreme Court also erred in failing to dismiss Structural's causes of action insofar as asserted against its broker, BIA. "[A]n agent or broker may be held liable for neglect in failing to procure insurance, with liability limited to that which would have been borne by the insurer had the policy been in force" (*American Motorists Ins. Co. v Salvatore,* 102 AD2d 342, 346; *Island Cycle Sales v Khlopin,* 126 AD2d 516). However, the insured "must establish that [the agent or broker] failed to discharge the duties imposed by the agreement to obtain insurance, either by proof that it breached the agreement or because it failed to exercise due care in the transaction" (*Associates Commercial Corp. v White,* 80 AD2d 570, 571). Here, Structural failed to submit any evidence that BIA breached any duty, or failed to exercise due care in procuring the Merchants' policy.

In light of our determination we need not address the parties' remaining contentions. Santucci, J. P., Krausman, S. Miller and Smith, JJ., concur.