■ MID-HUDSON CASTLE, LTD., Plaintiff, v P.J. EXTERIORS, INC., Defendant and Third-Party Plaintiff-Respondent. CHARTER OAK FIRE INSURANCE COMPANY, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [738 NYS2d 96] —In an action to recover damages for breach of contract and negligence, in which the defendant brought a third-party action for a judgment declaring, inter alia, that the third-party defendant Charter Oak Fire Insurance Company is obligated to defend and/or indemnify it in the main action, the third-party defendant Charter Oak Fire Insurance Company appeals from an order of the Supreme Court, Dutchess County (Hillery, J.), dated March 8, 2001, which denied its renewed motion, in effect, for summary judgment on the third-party complaint.

Ordered that the order is reversed, on the law, with costs, the renewed motion is granted, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment declaring that the third-party defendant Charter Oak Fire Insurance Company is not obligated to defend or indemnify the defendant third-party plaintiff in the main action.

In March 1992 the defendant third-party plaintiff, P.J. Exteriors, Inc. (hereinafter P.J.), repaired and replaced the roof of a building for the sum of $50,000, and issued a 10-year guarantee of the labor and materials used. In May 1997 Mid-Hudson Castle, Ltd. (hereinafter Mid-Castle), commenced this action against P.J. to recover damages for breach of contract and negligence as a result of the 1992 roof repair and replacement project. In its complaint, Mid-Castle alleged, inter alia, that in January 1996 it discovered that the roof had been leaking.

P.J. then commenced this third-party action against the third-party defendants, Royal Indemnity Company (hereinafter Royal) and Charter Oak Fire Insurance Company (hereinafter Charter Oak), seeking a declaration that the third-party

defendants were required to defend and indemnify it in the main action. Royal insured P.J. at the time of the roof replacement project. Charter Oak issued a commercial general liability policy to P.J. covering the period from March 15, 1994, through March 15, 1997.

In March 2000 Royal and Charter Oak separately moved for summary judgment on the third-party complaint. The Supreme Court granted the motion by Royal and denied the motion by Charter Oak without prejudice to renew on proper papers. In October 2000, Charter Oak renewed its motion, and argued that the subject policy did not cover claims grounded on breach of contract as asserted against P.J. The Supreme Court denied the renewed motion for summary judgment, finding that Charter Oak failed to demonstrate that the subject claims were excluded under the terms of the policy. We reverse.

The general rule is that a commercial general liability insurance policy does not afford coverage for breach of contract, but rather for bodily injury and property damage (*see, Structural Bldg. Prods. Corp. v Business Ins. Agency,* 281 AD2d 617; *Zandri Constr. Co. v Firemen's Ins. Co. of Newark,* 81 AD2d 106, *affd sub nom. Zandri Constr. Co. v Stanley H. Calkins, Inc.,* 54 NY2d 999; *Parkset Plumbing & Heating Corp. v Reliance Ins. Co.,* 87 AD2d 646).

All of the claims asserted against P.J. in the main action arise out of its performance under the contract. The subject policy was applicable only to claims for bodily injury and property damage caused by an "occurrence," which was defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." As such, the claims against P.J. are not covered under the terms of the policy.

Further, the claims against P.J. in the main action were specifically excluded under the express terms of the policy. Smith, J.P., Krausman, Schmidt and Cozier, JJ., concur.