■ MICKEY'S RIDES-N-MORE, INC., Respondent, v ANTHONY VISCUSO BROKERAGE, INC., Appellant. [792 NYS2d 570]—

In an action for a judgment declaring that the defendant is obligated to pay the costs to defend and indemnify the plaintiff in two underlying personal injury actions entitled *Nawrocki v Yodice* and *Bottaro v Yodice,* commenced in the Supreme Court, Kings County, under index Nos. 2816/98 and 31317/98, respectively, the defendant appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated September 23, 2004, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Richmond County, for the entry of a judgment declaring that the defendant is not obligated to pay the costs to defend and indemnify the plaintiff in the underlying personal injury actions entitled *Nawrocki v Yodice* and *Bottaro v Yodice,* commenced in the Supreme Court, Kings County under index Nos. 2816/98 and 31317/98, respectively.

The plaintiff commenced this action for a judgment declaring that the defendant insurance broker was obligated to pay the costs to defend and indemnify it in two underlying personal injury actions commenced in the Supreme Court, Kings County in which it was alleged, inter alia, that on March 30, 1997, certain individuals were injured while riding the plaintiff's mobile amusement ride called the "Whip."

The plaintiff contended that the defendant was negligent in failing to timely procure liability insurance coverage for the "Whip." An agent or broker may be held liable under theories of breach of contract or negligence for failing to timely procure insurance (*see Structural Bldg. Prods. Corp. v Business Ins. Agency,* 281 AD2d 617, 620 [2001]; *American Ref-Fuel Co. of Hempstead v Resource Recycling,* 281 AD2d 574, 575 [2001]). In order for an agent or broker to be held so liable, a plaintiff must demonstrate that the agent or broker failed to discharge the duties imposed by the agreement to obtain insurance, either by proof that it breached the agreement or because it failed to exercise due care in the transaction (*see Structural Bldg. Prods. Corp. v Business Ins. Agency, supra* at 620; *American Ref-Fuel Co. v Resource Recycling, supra* at 575; *Santaniello v Interboro Mut. Indem. Ins. Co.,* 267 AD2d 372 [1999]).

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff

sought liability insurance coverage for the subject amusement ride after the date of the underlying accident. In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the Supreme Court should have granted the defendant's motion for summary judgment.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Richmond County, for the entry of a judgment declaring that the defendant was not obligated to pay the costs to defend and indemnify the plaintiff in the underlying personal injury actions (*see Lanza v Wagner,* 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Cozier, J.P., S. Miller, Spolzino and Skelos, JJ., concur.