■ ISAAC KATZ, Respondent, v TOWER INSURANCE COMPANY OF NEW YORK, Defendant, and SILBERSTEIN BROKERAGE, INC., Appellant. [824 NYS2d 146]—

In an action, inter alia, to recover damages for negligence in the procurement of insurance coverage, the defendant Silberstein Brokerage, Inc., appeals from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated March 3, 2005, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

An insurance agent or broker may be held liable under a theory of negligence for failing to procure insurance (*see Mickey's Rides-N-More, Inc. v Anthony Viscuso Brokerage, Inc.*, 17 AD3d 328, 329 [2005]; *Structural Bldg. Prods. Corp. v Business Ins. Agency*, 281 AD2d 617 [2001]; *American Ref-Fuel Co. of Hempstead v Resource Recycling*, 281 AD2d 574, 575 [2001]). In order for a broker to be held so liable, however, "a plaintiff must demonstrate that the . . . broker failed to discharge the duties imposed by the agreement to obtain insurance, either by proof that it breached the agreement or because it failed to exercise due care in the transaction" (*Mickey's Rides-N-More, Inc. v Anthony Viscuso Brokerage, Inc., supra* at 329; *see Structural Bldg. Prods. Corp. v Business Ins. Agency, supra* at

620; *American Ref-Fuel Co. of Hempstead v Resource Recycling, supra* at 575; *Santaniello v Interboro Mut. Indem. Ins. Co.*, 267 AD2d 372 [1999]). In the instant case, the defendant Silberstein Brokerage, Inc., failed to establish its entitlement to judgment as a matter of law insofar as there exists a triable issue of fact as to whether it exercised due care in the transaction. Accordingly, the cross motion was properly denied. Schmidt, J.P., Adams, Dillon and Covello, JJ., concur.