■ BEDESSEE IMPORTS, INC., Respondent, v COOK, HALL & HYDE, INC., Appellant-Respondent, and KEMPER INSURANCE COMPANIES et al., Respondents-Appellants. [847 NYS2d 151]—

In an action, inter alia, to recover damages for breach of

contract, (1) the defendant Cook, Hall & Hyde, Inc., appeals from a judgment of the Supreme Court, Kings County (Lewis, J.), dated December 27, 2005, which, upon an order of the same court dated November 18, 2005, among other things, granting the plaintiff's motion for summary judgment on the complaint insofar as asserted against it, is in favor of the plaintiff and against it in the total sum of $131,930, and (2) the defendants Kemper Insurance Companies and Lumbermens Mutual Casualty Company cross-appeal (a) from so much of the order dated November 18, 2005, as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and, in effect, determining that they are not obligated to indemnify the plaintiff, and (b) from the judgment.

Ordered that the cross appeal by the defendants Kemper Insurance Companies and Lumbermens Mutual Casualty Company from the judgment is dismissed, as those parties are not aggrieved by the judgment (*see* CPLR 5511); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendants Kemper Insurance Companies and Lumbermens Mutual Casualty Company which was for summary judgment dismissing the second cross claim for common-law indemnification and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the appellant-respondent and the respondents-appellants appearing separately and filing separate briefs.

The Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Cook, Hall & Hyde, Inc. (hereinafter CHH). An insurance agent or broker such as CHH may be held liable under theories of breach of contract or negligence for failing to procure insurance (*see Mickey's Rides-N-More, Inc. v Anthony Viscuso Brokerage, Inc.*, 17 AD3d 328, 329 [2005]; *Structural Bldg. Prods. Corp. v Business Ins. Agency*, 281 AD2d 617, 620 [2001]; *American Ref-Fuel Co. of Hempstead v Resource Recycling*, 281 AD2d 574, 575 [2001]; *see also Katz v Tower Ins. Co. of N.Y.*, 34 AD3d 432, 432 [2006]; *Trizzano v Allstate Ins. Co.*, 7 AD3d 783, 786 [2004]). An insured must show that the agent or broker failed to discharge the duties imposed by the agreement to obtain insurance, either by proof that it breached the agreement or because it failed to exercise due care in the

transaction (*see Mickey's Rides-N-More, Inc. v Anthony Viscuso Brokerage, Inc.*, 17 AD3d at 329; *Reilly v Progressive Ins. Co.*, 288 AD2d 365, 365-366 [2001]; *Structural Bldg. Prods. Corp. v Business Ins. Agency*, 281 AD2d at 620; *Santaniello v Interboro Mut. Indem. Ins. Co.*, 267 AD2d 372, 372 [1999]; *Associates Commercial Corp. of Delaware v White*, 80 AD2d 570, 571 [1981]).

The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by presenting evidence that CHH failed to exercise due care in obtaining the insurance coverage requested by the plaintiff (*see Trizzano v Allstate Ins. Co.*, 7 AD3d at 786; *cf. Structural Bldg. Prods. Corp. v Business Ins. Agency*, 281 AD2d at 620). In opposition, CHH failed to raise a triable issue of fact. Its contention that it is not subject to liability because, in attempting to procure a policy for the plaintiff, it acted as an agent for the defendants Kemper Insurance Companies and Lumbermens Mutual Casualty Company (hereinafter collectively Kemper) is without merit. "The fact that an agent acts for a disclosed principal does not relieve the agent of liability for its own negligent acts" (*American Ref-Fuel Co. of Hempstead v Resource Recycling*, 281 AD2d at 575; *see Reliance Ins. Co. v Morris Assoc.*, 200 AD2d 728, 730 [1994]; *Tucci v Hartford Cas. Ins. Co.*, 167 AD2d 387, 388 [1990]; *Jones v Archibald*, 45 AD2d 532, 535 [1974]). The record contains evidence that CHH itself was negligent in failing to procure the coverage requested.

Also without merit is CHH's contention that the plaintiff's causes of action must fail because the coverage requested was actually effectuated after the plaintiff's payment for an insurance binder, pursuant to CHH's binding authority on behalf of Kemper under an agency agreement with Kemper. As CHH correctly contends, an insurance binder issued pursuant to binding authority constitutes a temporary or interim policy (*see Springer v Allstate Life Ins. Co. of N.Y.*, 94 NY2d 645, 649 [2000]). However, such a temporary or interim policy terminates when an insurance policy is either issued or refused by the insurer (*see Springer v Allstate Life Ins. Co. of N.Y.*, 94 NY2d at 649). Here, the plaintiff submitted unrefuted evidence establishing that Kemper refused to issue the policy requested on the same day that CHH submitted the insurance application, months prior to the plaintiff's loss.

The Supreme Court properly denied that branch of Kemper's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff asserted causes of action against Kemper, inter alia, to recover damages

for breach of contract and for a judgment declaring that Kemper is obligated to indemnify it. Kemper made a prima facie showing that it did not issue a policy to the plaintiff. The plaintiff submitted no opposition to Kemper's motion and, therefore, failed to raise a triable issue of fact with respect to its allegation that Kemper's conduct constituted an active breach of contract (*see Corley v Country Squire Apts., Inc.*, 32 AD3d 978, 978 [2006]; *Thorner v Latture*, 11 AD3d 448, 449 [2004]; *Fairhaven Apts. No. 4, Inc. v Town of N. Hempstead*, 8 AD3d 425, 426 [2004]). The plaintiff, moreover, may not rely upon CHH's opposing papers, since those papers are not sufficient to raise a triable issue of fact as to whether Kemper issued a policy to the plaintiff in response to CHH's requests and submissions to Kemper.

However, issues of fact exist as to whether Kemper may be liable to the plaintiff on the ground that any negligent acts by CHH with respect to procuring the insurance were performed in CHH's capacity as an agent for Kemper. "It is fundamental to the principal/agent relationship that an insurance company is liable to a third person for the wrongful or negligent acts and misrepresentations of its agent when made within the general or apparent scope of the agent's authority, although the acts or statements exceeded the agent's actual authority or disobeyed the principal's general or express instructions to the agent" (*Gleason v Temple Hill Assoc.*, 159 AD2d 682, 683 [1990]; *see Tucci v Hartford Cas. Ins. Co.*, 167 AD2d at 388; *Neil Plumbing & Heating Constr. Corp. v Providence Washington Ins. Co.*, 125 AD2d 295, 297 [1986]). "Only when the agent is acting for his own purposes is the general rule of vicarious liability inapplicable" (*Gleason v Temple Hill Assoc.*, 159 AD2d at 684). Here, the record demonstrates that, in attempting to procure a policy for the plaintiff, CHH was not acting "for its own purposes" but may have been acting as Kemper's agent, within the general scope of its actual authority under the agency agreement (*cf. Standard Funding Corp. v Lewitt*, 89 NY2d 546, 549-550 [1997]). Accordingly, the Supreme Court properly determined that there are issues of fact as to whether Kemper is liable to the plaintiff based on negligent acts by CHH acting as Kemper's agent.

The Supreme Court also properly denied that branch of Kemper's cross motion which was for summary judgment dismissing CHH's first cross claim for contractual indemnification. The agency agreement entered into by Kemper and CHH provided for Kemper to indemnify CHH "against all civil liability . . . arising as a direct result of [Kemper's] error or

omission, except to the extent that [CHH] has caused such error or omission." Although Kemper made a prima facie showing that it rejected CHH's submission of the plaintiff's application and that it was not, therefore, responsible for the plaintiff's loss, CHH raised triable issues of fact as to whether Kemper was negligent in failing adequately to train CHH's employees in the proper use of its online submission system, resulting in CHH's failure to procure the insurance requested by the plaintiff.

However, that branch of Kemper's cross motion which was for summary judgment dismissing CHH's second cross claim, which, contrary to Kemper's contention, was for common law indemnification, should have been granted. "The principle of common law, or implied, indemnification permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party" (*Tiffany at Westbury Condominium v Marelli Dev. Corp.*, 40 AD3d 1073, 1077 [2007] [internal quotation marks omitted]). "Common-law indemnification is warranted where a defendant's role in causing the plaintiff's injury is solely passive, and thus its liability is purely vicarious" (*Balladares v Southgate Owners Corp.*, 40 AD3d 667, 671 [2007]). Thus, a party which has actually participated in the wrongdoing is not entitled to indemnification (*see 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.*, 259 AD2d 75, 80 [1999]). In response to Kemper's prima facie showing that CHH was negligent in failing to procure the insurance coverage requested by the plaintiff, CHH failed to raise a triable issue of fact as to whether it was solely Kemper's alleged negligence and not its own negligence that caused the plaintiff's loss. Miller, J.P., Ritter, Goldstein and Dickerson, JJ., concur.