██ JUAL CONSTRUCTION LTD., Respondent, v A.C. EDWARDS, INC., Appellant. [902 NYS2d 428]—

In an action to recover damages for negligence in the procurement of insurance coverage and breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated September 25, 2009, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

An insurance agent or broker may be held liable under theories of breach of contract or negligence for failing to procure insurance (*see Bedessee Imports, Inc. v Cook, Hall & Hyde, Inc.*, 45 AD3d 792, 793 [2007]; *Mickey's Rides-N-More, Inc. v Anthony Viscuso Brokerage, Inc.*, 17 AD3d 328, 329 [2005]; *see also Katz v Tower Ins. Co. of N.Y.*, 34 AD3d 432 [2006]). An insured must show that the agent or broker failed to discharge the duties imposed by the agreement to obtain insurance, either by proof that it breached the agreement or because it failed to exercise due care in the transaction (*see Bedessee Imports, Inc. v Cook, Hall & Hyde, Inc.*, 45 AD3d at 793-794; *Mickey's Rides-N-More,*

*Inc. v Anthony Viscuso Brokerage, Inc.*, 17 AD3d at 329; *Reilly v Progressive Ins. Co.*, 288 AD2d 365, 365-366 [2001]). Liability is "limited to that which would have been borne by the insurer had the policy been in force" (*Structural Bldg. Prods. Corp. v Business Ins. Agency*, 281 AD2d 617, 620 [2001], quoting *American Motorists Ins. Co. v Salvatore*, 102 AD2d 342, 346 [1984]).

Here, the defendant, A.C. Edwards, Inc., failed to meet its prima facie burden of demonstrating its entitlement to judgment as a matter of law. Accordingly, the Supreme Court properly denied the motion for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Mastro, J.P., Florio, Belen and Roman, JJ., concur.