In an action, inter alia, to recover damages for breach of an insurance contract, the defendant Dayton & Osborne, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated December 30, 2010, as denied its motion for summary judgment dismissing the fourth and fifth causes of action and the cross claims of *955 the defendant Graphic Arts Mutual Insurance Co., insofar as asserted against it.
Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents, and the motion of the defendant Dayton & Osborne, LLC, for summary judgment dismissing the fourth and fifth causes of action and the cross claims of the defendant Graphic Arts Mutual Insurance Co., insofar as asserted against it is granted.
The Supreme Court improperly declined to consider the deposition transcripts submitted by the defendant Dayton & Osborne, LLC (hereinafter Dayton), in support of its motion for summary judgment where the transcripts were certified by the reporter and their accuracy was not challenged (see Pevzner v 1397 E. 2nd, LLC, 96 AD3d 921 [2012]; Boadu v City of New York, 95 AD3d 918 [2012]; Zalot v Zieba, 81 AD3d 935 [2011]; see also Rodriguez v Ryder Truck, Inc., 91 AD3d 935, 936 [2012]; Ashif v Won Ok Lee, 57 AD3d 700 [2008]).
“Generally, the law is reasonably settled on initial principles that insurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so” (Murphy v Kuhn, 90 NY2d 266, 270 [1997]; see Core-Mark Intl. v Swett & Crawford Inc., 71 AD3d 1072 [2010]; Reilly v Progressive Ins. Co., 288 AD2d 365 [2001]; Chaim v Benedict, 216 AD2d 347 [1995]; Erwig v Cook Agency, 173 AD2d 439 [1991]). In order for a broker to be held liable under theories of breach of contract or negligence for failing to procure insurance, a plaintiff must demonstrate that the broker failed to discharge the duties imposed by the agreement to obtain insurance, either by proof that it breached the agreement or because it failed to exercise due care in the transaction (see Bedessee Imports, Inc. v Cook, Hall & Hyde, Inc., 45 AD3d 792 [2007]; Katz v Tower Ins. Co. of N.Y., 34 AD3d 432 [2006]; Mickey's Rides-N-More, Inc. v Anthony Viscuso Brokerage, Inc., 17 AD3d 328 [2005]; Structural Bldg. Prods. Corp. v Business Ins. Agency, 281 AD2d 617 [2001]).
Here, Dayton demonstrated its prima facie entitlement to judgment as a matter of law dismissing the fourth and fifth causes of action to recover damages for negligence and breach of contract, respectively, insofar as asserted against it by submitting evidence showing that it procured the specific insurance coverage requested by the plaintiff (see Loevner v Sullivan & Strauss Agency, Inc., 35 AD3d 392 [2006]). Moreover, the record is devoid of evidence of a special relationship between Dayton and the plaintiff that would give rise to a continuing duty on *956 Dayton’s part to advise the plaintiff to obtain additional coverage (see Murphy v Kuhn, 90 NY2d at 271; Loevner v Sullivan & Strauss Agency, Inc., 35 AD3d at 394-395; W. Joseph McPhillips, Inc. v Ellis, 8 AD3d 782 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the Supreme Court should have granted that branch of Dayton’s motion which was for summary judgment dismissing the fourth and fifth causes of action insofar as asserted against it.
Further, Dayton established, prima facie, its entitlement to judgment as a matter of law dismissing the cross claims of the defendant Graphic Arts Mutual Insurance Co. (hereinafter Graphic Arts) for contractual and common-law indemnification insofar as asserted against it. In opposition to Dayton’s prima facie showing, Graphic Arts failed to raise a triable issue of fact as to whether Dayton violated its duty to report truthfully with respect to information requested on the application for insurance (see Equitable Life Assur. Socy. of U.S. v Werner, 286 AD2d 632 [2001]; Anne M. Payne & Joseph Wilson, New York Insurance Law § 6:43 at 254 [31 West’s NY Prac Series 2011-2012]), or whether Graphic Arts itself was without fault in causing the plaintiffs loss (see Bedessee Imports, Inc. v Cook, Hall & Hyde, Inc., 45 AD3d 792 [2007]; cf. General Acc. Ins. Co. v Smith & Assoc., 184 AD2d 616, 617 [1992]). Therefore, the Supreme Court should have granted that branch of Dayton’s motion which was for summary judgment dismissing the cross claims of Graphic Arts insofar as asserted against it. Florio, J.P., Leventhal, Austin and Cohen, JJ., concur.