■ GERALD GAGLIARDI et al., Respondents, v PREFERRED MU-
TUAL INSURANCE COMPANY, Defendant, and COUGHLIN ENTER-
PRISES, INC., Doing Business as ROBERT B. COLLINS AGENCY, Ap-
pellant. [958 NYS2d 427]—

In an action, inter alia, to recover damages for breach of
contract and negligence, the defendant Coughlin Enterprises,
Inc., doing business as Robert B. Collins Agency, appeals, as
limited by its brief, from so much of an order of the Supreme
Court, Orange County (Ecker, J.), dated July 1, 2011, as denied
its motion for summary judgment dismissing the complaint
insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from,
with costs.

Generally, an insurance agent or broker has a common-law
duty to obtain requested coverage for a client within a reason-
able amount of time, or to inform the client of the inability to
do so (see *Murphy v Kuhn*, 90 NY2d 266, 270 [1997]; *Verbert v
Garcia*, 63 AD3d 1149 [2009]; *Loevner v Sullivan & Strauss
Agency, Inc.*, 35 AD3d 392, 393 [2006]). Liability for failure to
comply with this obligation may be based on either breach of
contract or tort (see *Jual Constr. Ltd. v A.C. Edwards, Inc.*, 74
AD3d 1150 [2010]; *Bedessee Imports, Inc. v Cook, Hall & Hyde,
Inc.*, 45 AD3d 792 [2007]; *Mickey's Rides-N-More, Inc. v Anthony
Viscuso Brokerage, Inc.*, 17 AD3d 328 [2005]). An insured must
show that the agent or broker failed to discharge the duties
imposed by the agreement to obtain insurance, either by proof
that it breached the agreement or because it failed to exercise
due care in the transaction (see *Jual Constr. Ltd. v A.C.
Edwards, Inc.*, 74 AD3d at 1150; *Bedessee Imports, Inc. v Cook,
Hall & Hyde, Inc.*, 45 AD3d at 793-794; *Mickey's Rides-N-More,
Inc. v Anthony Viscuso Brokerage, Inc.*, 17 AD3d at 329).

On July 1, 2007, a fire on the plaintiffs' property damaged
three structures. Two of the structures, a one-family dwelling
and a two-family duplex, were insured under a homeowner's
policy. The third structure, a two-family dwelling with an at-
tached barn, was insured under a business owner's policy. The
policies were underwritten by the defendant Preferred Mutual
Insurance Company (hereinafter Preferred). The defendant
Coughlin Enterprises, Inc., doing business as Robert B. Collins
Agency (hereinafter CEI), was the insurance broker which
procured the policies on the plaintiffs' behalf. After submitting
claims under the policies, the plaintiffs commenced this action

alleging, inter alia, that CEI was negligent in failing to procure adequate insurance coverage.

The Supreme Court properly denied CEI's motion for summary judgment dismissing the complaint insofar as asserted against it. Contrary to CEI's contention, it did not satisfy its prima facie burden of demonstrating that the plaintiffs' failure to read the terms of the applicable insurance policies, despite their having been in effect for approximately nine months prior to the fire, warranted judgment in its favor as a matter of law. In support of its motion, CEI proffered, among other things, the transcript of the deposition of the plaintiff Linda Gagliardi, whose testimony raised a triable issue of fact as to whether the plaintiffs made an explicit request for a specific amount of coverage for the one-family dwelling and the two-family duplex. Where an insured makes an explicit request for a specific amount of coverage, the mere fact that the insured had ample time, yet failed to read the policy to discern the actual liability limit under the policy, is not a superseding cause precluding liability as a matter of law (see *Reilly v Progressive Ins. Co.*, 288 AD2d 365 [2001]; *Kyes v Northbrook Prop. & Cas. Ins. Co.*, 278 AD2d 736 [2000]; *Mets Donuts v Dairyland Ins. Co.*, 166 AD2d 508 [1990]).

In addition, CEI failed to establish its prima facie entitlement to judgment as a matter of law based on its claim of spoliation of evidence. " 'Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, thereby depriving the nonresponsible party of the ability to prove its claim, the responsible party may be sanctioned by the striking of its pleading' " (*Shay v Mozer, Inc.*, 80 AD3d 687, 688 [2011], quoting *Gotto v Eusebe-Carter*, 69 AD3d 566, 567 [2010]). The determination of sanctions for spoliation of evidence is within the sound discretion of the trial court (see *Fireman's Fund Ins. Co. v Sweeney & Harkin Carpentry & Dry Wall Corp.*, 78 AD3d 650 [2010]; *Barahona v Trustees of Columbia Univ. in City of N.Y.*, 16 AD3d 445 [2005]). "A sanction is not warranted in the absence of proof that the destruction of the evidence was willful or contumacious, that the lost evidence was central to the case, or that the movant was prejudiced thereby" (*Fireman's Fund Ins. Co. v Sweeney & Harkin Carpentry & Dry Wall Corp.*, 78 AD3d at 651). The party requesting sanctions for spoliation has the burden of demonstrating that the opposing party intentionally or negligently disposed of critical evidence, or " 'fatally compromised its ability to defend [the] action' " (*Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 718 [2009], quoting *Lawson v Aspen Ford, Inc.*, 15 AD3d 628, 629 [2005]).

CEI demonstrated that the plaintiffs demolished the two-family duplex shortly after the fire. The plaintiff Gerard Gagliardi testified at his deposition, however, that the plaintiffs had been authorized to demolish the two-family duplex by the insurance adjuster handling their claim, although, at his own deposition, the adjuster denied advising Gerard Gagliardi as such. Moreover, prior to the demolition, both CEI's representative and the insurance adjuster visually inspected the damage to the two-family duplex and recorded certain data. Accordingly, CEI failed to show that the plaintiffs demolished the two-family duplex in bad faith with the intention of frustrating discovery, or that the demolition of the two-family duplex fatally compromised its defense so as to warrant striking the complaint insofar as asserted against it. Mastro, J.P., Rivera, Chambers and Lott, JJ., concur.