In an action, inter alia, for a judgment declaring that the defendants are obligated to defend and indemnify the plaintiff in an underlying action entitled D. Owens Elec., Inc. v J.W. Mays, Inc., commenced in the Supreme Court, Dutchess County, under index No. 80001/2014, the plaintiff appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Knipel, J.), dated May 1, 2015, as granted that branch of the defendants’ motion pursuant to CPLR 3211 (a) which was, in effect, for a judgment declaring that they are not obligated to defend or indemnify the plaintiff in the underlying action, declared that the defendants are not so obligated, and denied its cross motion for leave to amend the complaint.
 

 Ordered that the order and judgment is affirmed insofar as appealed from, with costs.
 

 The plaintiff, who is the owner of a mall, and the nonparty D. Owens Electric, Inc. (hereinafter Owens), entered into several construction contracts, including a contract for work on the mall’s roof. Owens, as general contractor, subcontracted the roofing work to the nonparty PJ Exteriors, Inc., which, the plaintiff alleged, performed defective roofing work. The plaintiff terminated the work before completion and allegedly failed to abide by the terms of payment under the contracts. Owens commenced an action against the plaintiff to recover damages for breach of contract and unjust enrichment, and to foreclose on mechanic’s liens (hereinafter the Owens action). Pursuant to the contracts, Owens named the plaintiff as an additional insured under a commercial general liability policy issued by Peerless Insurance Company (hereinafter Peerless) and an umbrella policy issued by Excelsior Insurance Company (hereinafter Excelsior). The plaintiff alleges that Peerless is a member of Liberty Mutual Insurance Company. Coverage for an additional insured under the policies was triggered only with respect to liability from “bodily injury,” “property damage,” or “personal and advertising injury” caused in whole or in part by the acts or omissions of the additional insured or those acting on the additional insured’s behalf. The plaintiff commenced the instant action seeking a judgment declaring that the defendants are obligated to defend and indemnify it in the Owens action. The defendants, inter alia, moved pursuant to CPLR 3211 (a), in effect, for a judgment declaring that they are not so obligated, and the plaintiff cross-moved for leave to amend the complaint. The Supreme Court granted that branch of the defendants’ motion, declared that the defendants are not obligated to defend and indemnify the plaintiff in the Owens action, and denied the plaintiff’s cross motion for leave to amend the complaint.
 

 “The general rule is that a commercial general liability insurance policy does not afford coverage for breach of contract, but rather for bodily injury and property damage” (Mid-Hudson Castle v P.J. Exteriors, 292 AD2d 355, 356 [2002]; see Structural Bldg. Prods. Corp. v Business Ins. Agency, 281 AD2d 617 [2001]). To hold otherwise would render an insurance carrier a surety for the performance of its insured’s work (see Structural Bldg. Prods. Corp. v Business Ins. Agency, 281 AD2d at 619). The determination of an insurer’s duty to defend must be drawn from allegations of the underlying complaint (see Parkset Plumbing & Heating Corp. v Reliance Ins. Co., 87 AD2d 646, 647 [1982]). Here, the complaint in the Owens action sounds exclusively in breach of contract and unjust enrichment, and seeks to foreclose on mechanic’s liens. There is no claim for bodily injury, property damage, or personal and advertising injury as is required to trigger coverage under the policies herein. Accordingly, the Supreme Court properly granted that branch of the defendants’ motion pursuant to CPLR 3211 (a) which was, in effect, for a judgment declaring that they are not obligated to defend or indemnify the plaintiff in the Owens action.
 

 The Supreme Court also properly denied the plaintiffs cross motion for leave to amend the complaint. Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party (see CPLR 3025 [b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit (see Silverman v Potruch & Daab, LLC, 142 AD3d 660 [2016]; Scofield v DeGroodt, 54 AD3d 1017, 1018 [2008]). “Whether to grant such leave is within the motion court’s discretion, the exercise of which will not be lightly disturbed” (Pergament v Roach, 41 AD3d 569, 572 [2007]). Here, the proposed amendments were palpably insufficient, since none of the additional facts alleged in the proposed amended complaint in the Owens action established the plaintiff’s potential liability for bodily injury, property damage, or personal and advertising injury.
 

 Rivera, J.P., Dillon, Connolly and Iannacci, JJ., concur.