Giamundo v Cleveland Dunn 2nd (2018 NY Slip Op 00411)





Giamundo v Cleveland Dunn 2nd


2018 NY Slip Op 00411


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2015-10337
 (Index No. 22574/12)

[*1]Maria Giamundo, appellant, 
v
Cleveland Dunn 2nd, et al., defendants, Karen A. Sauter Insurance Agency, Inc., et al., respondents.


Steven L. Barkan P.C., Melville, NY, for appellant.
Saretsky Katz & Dranoff LLP, New York, NY (Patrick J. Dellay of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Queens County (Nahman, J.), entered August 13, 2015, which granted the motion of the defendants Karen A. Sauter Insurance Agency, Inc., and State Farm Mutual Automobile Insurance Company for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Karen A. Sauter Insurance Agency, Inc., and State Farm Mutual Automobile Insurance Company is denied.
While operating a vehicle insured by the defendant State Farm Mutual Automobile Insurance Company (hereinafter State Farm), the plaintiff was involved in an accident and allegedly sustained serious injuries when her car collided with a car driven by the defendant Robert Earl Dunn. The plaintiff sought to collect on the supplementary uninsured/underinsured (hereinafter SUM) coverage provided for in her automobile insurance policy procured through the defendant Karen A. Sauter Insurance Agency, Inc. (hereinafter the Agency). State Farm, however, denied the plaintiff's claim on the ground that Dunn's vehicle was insured with bodily injury liability limits equal to or exceeding the plaintiff's SUM coverage limits. Subsequently, the plaintiff commenced this action, alleging, inter alia, negligence against the Agency and State Farm (hereinafter together the defendants) for procuring and offering insufficient SUM coverage. Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion. The plaintiff appeals.
An insurance broker may be held liable under theories of breach of contract or negligence for failing to procure insurance upon a showing by the insured that the agent or broker failed to discharge the duties imposed by the agreement to obtain insurance, either by proof that it breached the agreement or because it failed to exercise due care in the transaction (see Siekkeli v Mark Mariani, Inc., 119 AD3d 766, 768; Bedessee Imports, Inc. v Cook, Hall & Hyde, Inc., 45 AD3d 792, 793-794).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law because they submitted insufficient evidence that they procured the amount of coverage that the plaintiff engaged them to procure (see Siekkeli v Mark Mariani, Inc., 119 AD3d at 768; Gagliardi v Preferred Mut. Ins. Co., 102 AD3d 741; Jual Constr. Ltd. v A.C. Edwards, Inc., 74 AD3d 1150; Trizzano v Allstate Ins. Co., 7 AD3d 783). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
HALL, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court