■ In the Matter of the Claim of EDUARD AMINOV, Respondent, v NEW YORK BLACK CAR OPERATORS INJURY COMPENSATION FUND, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [768 NYS2d 530]—

Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed May 23, 2002, which, inter alia, ruled that claimant had sustained an accidental injury in the course of his employment.

Claimant, a black car operator who received assignments from a central dispatch facility that is a member of the New York Black Car Operators Injury Compensation Fund, Inc. (hereinafter the employer; see Executive Law art 6-F), sustained certain injuries when the limousine he was operating was struck from behind by another vehicle. The Workers' Compensation Board held that claimant's injuries were compensable, having been sustained while claimant was performing "covered services" (Executive Law § 160-cc [4]) in the course of his employment. The employer and the State Insurance Fund now appeal, contending that inasmuch as claimant had not yet received a specific assignment from the dispatcher, he was not in fact performing covered services for the employer at the time of his accident. For the reasons that follow, this argument lacks merit and the Board's decision is, therefore, affirmed.

Executive Law § 160-cc (4) provides, in relevant part, that " '[c]overed services' means, with respect to dispatches from or by a central dispatch facility located in the state, all dispatches from such central dispatch facility regardless of where the pick-up or discharge occurs." The dispute here centers upon the meaning to be afforded the term "dispatch." The employer argues for a narrow interpretation, asserting that in the absence of an actual work assignment, no dispatch occurred and, hence, claimant was not performing covered services at the time of his accident. While it is true that claimant had not yet received an assignment from the employer, the record nonetheless reflects that claimant had logged onto the employer's Web site from his limousine's onboard computer approximately 30 to 40 minutes

before the accident, thereby indicating that he was on duty and available to accept assignments. In so doing, claimant also was able to access the employer's fare location data, which indicated that there was significant fare activity in Manhattan on the day of the accident. Based upon this information, claimant drove into Manhattan in an attempt to increase his chances of getting an assignment and, while en route, sustained the injuries for which he now seeks compensation. Under these circumstances, and considering the underlying purpose of the statute, we agree with the Board that claimant's actions were sufficient to bring him within the coverage of Executive Law § 160-cc (4). The remaining arguments raised on appeal have been examined and found to be lacking in merit.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.