■ WESTCHESTER MEDICAL CENTER, as Assignee of DAPHNE McPHERSON, Respondent, et al., Plaintiffs, v AMERICAN TRANSIT INSURANCE COMPANY, Appellant. [875 NYS2d 246]—

In an action to recover no-fault medical payments under certain insurance contracts, the defendant appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Nassau County (McCormack, J.), dated January 21, 2008, as granted that branch of the plaintiffs' motion which was for summary judgment on the first cause of action asserted by the plaintiff Westchester Medical Center, as assignee of Daphne McPherson, and (2) so much of a judgment of the same court entered April 16, 2008, as, upon the order, is in favor of the plaintiff Westchester Medical Center, as assignee of Daphne McPherson, and against it in the principal sum of $6,993.96. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from the order dated January 21, 2008 is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, that branch of the plaintiffs' motion which was for summary judgment on the first cause of action asserted by the plaintiff Westchester Medical Center, as assignee of Daphne McPherson, is denied, and the order dated January 21, 2008 is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff Westchester Medical Center (hereinafter WMC),

among others, commenced this action to recover no-fault medical benefits allegedly owed its patient/assignor Daphne McPherson for injuries sustained by her in a motor vehicle accident involving an insured of the defendant American Transit Insurance Company. The plaintiffs moved for summary judgment on the first cause of action asserted by WMC, as assignee of McPherson, arguing that the defendant received a demand for payment of such benefits on February 20, 2007 and neither paid nor denied such benefits within 30 days. WMC asserted that the defendant did not deny benefits until April 5, 2007. Thus, WMC argued, the benefits were now "overdue" (*see* 11 NYCRR 65-3.8). In opposition, the defendant argued, inter alia, that its denial of benefits was timely as a result of the toll of its time within which to pay or deny a claim arising from its demand for additional verification of the claim. The Supreme Court, among other things, awarded WMC summary judgment on the first cause of action. We reverse the judgment entered upon the order insofar as appealed from.

The defendant does not dispute that it received a demand for no-fault benefits from WMC on February 20, 2007 and that it neither paid nor denied such benefits within 30 days thereof (*see* 11 NYCRR 65-3.8 [c]; *Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750 [2007]). However, the defendant demonstrated, prima facie, that it made a timely request for additional verification of the claim, and that its denial of benefits was timely as measured from the receipt of additional verification which allegedly revealed that McPherson was entitled to workers' compensation benefits for the underlying accident (*see* 11 NYCRR 65-3.5 [b]; 65-3.8 [b]; *Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750 [2007]; *Montefiore Med. Ctr. v Government Empls. Ins. Co.*, 34 AD3d 771 [2006]). Thus, that branch of the plaintiffs' motion which was for summary judgment on the first cause of action asserted by WMC, as assignee of McPherson, should have been denied.

We decline the defendant's request, in effect, to search the record and award it summary judgment dismissing WMC's cause of action and to refer the matter to the Workers' Compensation Board for a determination as to whether McPherson is entitled to workers' compensation benefits for the underlying accident (*see generally O'Hurley-Pitts v Diocese of Rockville Ctr.*, 57 AD3d 633 [2008]; *Catapane v Half Hollow Hills Cent. School Dist.*, 45 AD3d 517 [2007]). The defendant, inter alia, failed to proffer competent evidence in admissible form of the alleged facts giving rise to its contention that workers' compensation benefits are available. Rivera, J.P., Spolzino, Ritter and Miller, JJ., concur. [*See* 19 Misc 3d 1104(A), 2008 NY Slip Op 50546(U).]