OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, modified by striking the provision denying without prejudice plaintiffs’ motion for summary judgment and by remitting plaintiffs’ motion to the District Court to be held in abeyance pending a prompt application to the Workers’ Compensation Board for a determination of the parties’ rights under the Workers’ Compensation Law. In the event plaintiffs fail to file proof with the District Court of such application within 90 days of the date of the order entered hereon, the District Court shall deny plaintiffs’ motion and grant reverse summary judgment in favor of defendant dismissing the complaint unless plaintiffs show good cause why the complaint should not be dismissed. As so modified, order, insofar as appealed from, affirmed without costs.
In this action by providers to recover assigned first-party no-fault benefits, plaintiffs moved for summary judgment. Defendant opposed the motion and cross-moved for summary judgment dismissing the complaint on the ground that it had timely denied plaintiffs’ claims based upon the assignor’s eligibility for workers’ compensation benefits, and that there was an issue as to whether plaintiffs’ assignor was injured during the course of employment, thereby requiring that the matter be submitted to the Workers’ Compensation Board. The District Court denied the motion and cross motion without prejudice and held the action in abeyance pending a determination by the Board, finding that there were mixed questions of law and fact regarding the availability of workers’ compensation benefits, over which the Board had primary jurisdiction. Plaintiffs appeal from so much of the order as denied without prejudice their motion for summary judgment and held the action in abeyance.
Defendant’s proof was sufficient to raise a question of fact as to whether the assignor was acting as an employee at the time of the accident (cf. Westchester Med. Ctr. v American Tr. Ins. Co., 60 AD3d 848 [2009]), which issue must be resolved in the first instance by the Board (see O’Rourke v Long, 41 NY2d 219, 225 [1976]; Santigate v Linsalata, 304 AD2d 639, 640 [2003]; see also Infinity Health Prods., Ltd. v New York City Tr. Auth., 21 *77 Misc 3d 136[A], 2008 NY Slip Op 52218[U] [App Term, 2d & 11th Jud Dists 2008]; Response Equip., Inc. v American Tr. Ins. Co., 15 Misc 3d 145[A], 2007 NY Slip Op 51176[U] [App Term, 2d & 11th Jud Dists 2007]; cf. A.B. Med. Servs. PLLC v American Tr. Ins. Co., 8 Misc 3d 127[A], 2005 NY Slip Op 50959[U] [App Term, 2d & 11th Jud Dists 2005]). Accordingly, plaintiffs’ motion should not have been denied without prejudice but, rather, held in abeyance pending Board resolution. A prompt application to the Board, as set forth above, is required in order to determine the parties’ rights under the Workers’ Compensation Law.
Rudolph, EJ, Tanenbaum and LaCava, JJ, concur.