■ JOSEPH F. DUNN, Respondent, v AMERICAN TRANSIT INSURANCE Co., Appellant. [894 NYS2d 895]—

In an action to recover first-party no-fault benefits pursuant to a policy of insurance, the defendant appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated February 27, 2009, which denied its motion to dismiss the complaint pursuant to CPLR 3211 (a) (2) for lack of subject matter jurisdiction or, in the alternative, for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the motion following a prompt application by the plaintiff to the Workers' Compensation Board to determine his rights under the Workers' Compensation Law.

"[P]rimary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been

vested in the Workers' Compensation Board and . . . it is therefore inappropriate for the courts to express views with respect thereto pending determination by the board" (*Botwinick v Ogden*, 59 NY2d 909, 911 [1983]; *see O'Rourke v Long*, 41 NY2d 219 [1976]; *Catapane v Half Hollow Hills Cent. School Dist.*, 45 AD3d 517 [2007]). In this case, the defendant's motion presented factual questions as to the plaintiff's "status as either an independent contractor, as he claims he is, or as an employee of" a car service dispatch base, as the defendant claims (*Arvatz v Empire Mut. Ins. Co.*, 171 AD2d 262, 269 [1991]). Resolution of these questions "is best suited for determination by the [Workers' Compensation] Board, given its expertise in the area" (*id.* at 269). Accordingly, prior to rendering a determination on the motion, the Supreme Court should have referred the matter to the Workers' Compensation Board for a hearing and determination as to whether the plaintiff is relegated to benefits under the Workers' Compensation Law (*see Catapane v Half Hollow Hills Cent. School Dist.*, 45 AD3d at 518-519; *Arvatz v Empire Mut. Ins. Co.*, 171 AD2d at 269). Covello, J.P., Miller, Dickerson and Belen, JJ., concur.