■ Pinky Monteiro, Appellant, v Rasraj Foods & Catering, Inc., Respondent. [912 NYS2d 437]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Queens County (J. Golia, J.), dated August 24, 2009, as granted that branch of the defendant's motion which was to refer the action to the Workers' Compensation Board of the State of New York, referred the issues of whether she was the defendant's employee at the time of her alleged accident, whether she was injured in the course of her employment with the defendant, and whether the defendant provided the appropriate worker's compensation insurance coverage for her, and stayed the action pending determination of these issues, and (2) from an order of the same court dated February 9, 2010, which denied her motion for leave to reargue her opposition to that branch of the defendant's motion which was to refer the action to the Workers' Compensation Board of the State of New York.

Ordered that the appeal from the order dated February 9, 2010, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated August 24, 2009, is modified, on the law, by deleting the provision thereof referring to the Workers' Compensation Board of the State of New York the issue of whether the defendant provided the appropriate workers' compensation insurance coverage for the plaintiff; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action to recover damages alleging that she sustained injuries while employed by the defendant, and that the defendant had failed to provide her with workers' compensation insurance coverage.

The defendant moved, inter alia, to refer the action to the Workers' Compensation Board of the State of New York (hereinafter the Board). The Supreme Court granted that branch of the defendant's motion which was to refer the action to the Board, referred the issues of whether the plaintiff was the defendant's employee at the time of her alleged accident, whether she was injured in the course of her employment with the defendant, and whether the defendant provided the appropriate

worker's compensation insurance coverage for her, and stayed the action pending determination of these issues.

Since "primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board," it is "inappropriate for the courts to express views with respect thereto pending determination by the board" (Botwinick v Ogden, 59 NY2d 909, 911 [1983]). Where, as here, the existence of an employer-employee relationship presents a question of fact, that question is properly resolved in the first instance by the Board, as is the question of whether the alleged injury was sustained in the course of employment (see O'Rourke v Long, 41 NY2d 219, 224, 227-228 [1976]). Accordingly, the Supreme Court properly referred the action to the Board for a determination as to whether the plaintiff was an employee of the defendant at the time of the alleged accident and whether the accident occurred in the course of the plaintiff's employment with the defendant.

Whether the defendant provided the appropriate workers' compensation insurance coverage for the plaintiff, however, is "a question of law for the court to resolve" (id. at 225). Thus, the Supreme Court should not have referred that issue to the Board. Instead, the Supreme Court should itself determine that issue in the event that the Board finds that the plaintiff was employed by the defendant and that her alleged accident occurred in the course of her employment with the defendant. Prudenti, P.J., Covello, Florio and Belen, JJ., concur.