■ PINKY MONTEIRO, Respondent, v RASRAJ FOODS & CATERING, INC., Appellant. [980 NYS2d 142]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (J. Golia, J.), entered October 17, 2012, as granted those branches of the plaintiff's motion which were to vacate a previously imposed stay of the

action and, in effect, to restore the action to the appropriate calendar.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff alleges that she fell and was injured while working for the defendant. In her complaint, she alleged that the defendant had failed to provide her with Workers' Compensation insurance coverage as required by law. In its answer, the defendant averred that the plaintiff was never in its employ and that it was not required by law to maintain Workers' Compensation insurance coverage. The defendant moved to stay the action and refer the matter to the Workers' Compensation Board (hereinafter the Board) to determine the question of the plaintiff's employment status at the time of the accident.

In an order entered September 18, 2009, the Supreme Court referred the action to the Board to determine whether the plaintiff was the defendant's employee at the time of her alleged accident, whether she was injured in the course of her employment, and whether the defendant provided the appropriate Worker's Compensation insurance coverage for her, and stayed the action pending determination of those issues. On the appeal from that order, this Court modified the Supreme Court's order. This Court explained that, while "the Supreme Court properly referred the action to the Board for a determination as to whether the plaintiff was an employee of the defendant at the time of the alleged accident and whether the accident occurred in the course of the plaintiff's employment with the defendant," the issue of "[w]hether the defendant provided the appropriate workers' compensation insurance coverage for the plaintiff, however, is a 'question of law for the court to resolve.'" (*Monteiro v Rasraj Foods & Catering, Inc.*, 79 AD3d 827, 828 [2010] [citation omitted].) Thus, the Supreme Court should not have referred that issue to the Board. "Instead, the Supreme Court should itself determine that issue in the event that the Board finds that the plaintiff was employed by the defendant and that her alleged accident occurred in the course of her employment with the defendant" (79 AD3d at 828 [citation omitted]).

The record does not disclose whether the employment status issue was ever referred to the Board. However, on April 18, 2011, the plaintiff filed a Workers' Compensation claim. In a decision dated April 16, 2012, the Board disallowed the claim, finding that the claim was time-barred pursuant to Workers' Compensation Law § 28.

The plaintiff subsequently moved, inter alia, to vacate the stay of the action, and the Supreme Court granted this relief.

The defendant appeals from so much of the order as vacated the stay and restored the action to the appropriate calendar, arguing that the stay should remain in place until the Board decides the issues of whether the plaintiff was an employee of the defendant and whether she was injured in the course of such employment.

"Where the availability of workers' compensation benefits hinges upon questions of fact or upon mixed questions of fact and law, the parties may not choose the courts as the forum for resolution of the questions, but must look to the Workers' Compensation Board for such determinations (*see O'Rourke v Long*, 41 NY2d 219 [1976])" (*Nunes v Window Network, LLC*, 54 AD3d 834, 835 [2008]). Here, however, the availability of Workers' Compensation benefits for the plaintiff does not hinge on any question of fact. Regardless of whether the plaintiff was an employee, and regardless of whether she was injured in the course of employment, she cannot obtain Workers' Compensation benefits since her claim has already been disallowed as time-barred. Consequently, under the particular factual and procedural posture of this case, there is no reason to stay the Supreme Court action pending any further determination by the Board. Accordingly, the Supreme Court properly granted the plaintiff's motion to the extent of vacating the stay and restoring the action to the appropriate calendar. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.