■ Mika P. Siekkeli, Respondent, v Mark Mariani, Inc., Defendant/Third-Party Plaintiff-Respondent-Appellant, and Mark Varley, Defendant/Appellant-Respondent. Frank Crystal & Co., Third-Party Defendant-Respondent. [989 NYS2d 297]—

In an action to recover damages for personal injuries, the defendant Mark Varley appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered April 11, 2012, as denied his motion, inter alia, for summary judgment dismissing the complaint and

all cross claims insofar as asserted against him, and the defendant/third-party plaintiff, Mark Mariani, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and granted the motion of the third-party defendant, Frank Crystal & Co., for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with one bill of costs to the defendant/third-party plaintiff, Mark Mariani, Inc., payable by the third-party defendant, Frank Crystal & Co., and the matter is remitted to the Supreme Court, Kings County, for a new determination of the motions after final resolution of a prompt application to the Workers' Compensation Board to determine the rights of the plaintiff and the defendant/third-party plaintiff, Mark Mariani, Inc., under the Workers' Compensation Law.

In July 2008, the plaintiff allegedly was injured while working in a mill shop owned by the defendant/third-party plaintiff, Mark Mariani, Inc. (hereinafter Mariani), when a door weighing more than 550 pounds fell on him and crushed his ankle and foot. At the time of the accident, the plaintiff was assisting the defendant Mark Varley in moving the door to the loading dock. The plaintiff commenced this action against Mariani and Varley to recover damages for his injuries. Mariani submitted a claim to its insurance carrier, New York Marine and General Insurance Company, but coverage was denied on the basis of a policy exclusion relating to subcontractors. Mariani then commenced a third-party action against its insurance broker, Frank Crystal & Co. (hereinafter Crystal), asserting causes of action alleging negligence and breach of contract. Specifically, Mariani alleged that Crystal obtained inadequate coverage.

After discovery was completed, Varley and Mariani separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them, and Crystal moved for summary judgment dismissing the third-party complaint. Varley and Mariani both contended that the plaintiff was Mariani's employee, and, therefore, that the plaintiff's sole remedy was under the Workers' Compensation Law. Mariani alternatively contended that if Varley and the plaintiff were independent contractors, Mariani could not be held liable for Varley's negligence because it did not control the means and methods of the work in moving the door. The Supreme Court denied the motions of Mariani and Varley, holding that there were, inter alia, triable issues of fact as to the plaintiff's employment status, but granted the motion of Crystal for summary judgment dismissing the third-party complaint.

"Since 'primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board,' it is 'inappropriate for the courts to express views with respect thereto pending determination by the board' " (*Monteiro v Rasraj Foods & Catering, Inc.*, 79 AD3d 827, 829 [2010], quoting *Botwinick v Ogden*, 59 NY2d 909, 911 [1983]). A central issue in this case is whether an employer-employee relationship exists between the plaintiff and Mariani. That issue presents a factual question that is properly resolved in the first instance by the Workers' Compensation Board (*see Monteiro v Rasraj Foods & Catering, Inc.*, 79 AD3d at 829; *O'Rourke v Long*, 41 NY2d 219, 224, 227-228 [1976]). Given the arguments of the various parties, resolution of the plaintiff's employment status is a threshold issue and should have been decided before the remaining issues were addressed.

Next, the Supreme Court erred in granting Crystal's motion for summary judgment dismissing the third-party complaint, which alleged that Crystal failed to obtain adequate insurance. "An insurance agent or broker . . . may be held liable under theories of breach of contract or negligence for failing to procure insurance . . . An insured must show that the agent or broker failed to discharge the duties imposed by the agreement to obtain insurance, either by proof that it breached the agreement or because it failed to exercise due care in the transaction" (*Bedessee Imports, Inc. v Cook, Hall & Hyde, Inc.*, 45 AD3d 792, 793-794 [2007] [citations omitted]; *see Cosmos, Queens Ltd. v Matthias Saechang Im Agency*, 74 AD3d 682, 683 [2010]; *Bruckmann, Rosser, Sherrill & Co., L.P. v Marsh USA, Inc.*, 65 AD3d 865, 866 [2009]). Crystal was not entitled to judgment as a matter of law because it failed to establish, prima facie, that it procured the adequate coverage that Mariani had engaged it to procure (*see Trizzano v Allstate Ins. Co.*, 7 AD3d 783, 786 [2004]). Crystal's failure to meet its prima facie burden required denial of its motion without regard to the sufficiency of Mariani's opposition papers (*see Batts v IBEX Constr., LLC*, 112 AD3d 765, 767 [2013]).

Varley's remaining contention is without merit. Dillon, J.P., Balkin, Chambers and Cohen, JJ., concur.