Metro Psychological Services, P.C., as Assignee of Bazan Ricardo, Respondent,
against
Travelers Property & Casualty Insurance Company, Appellant.




Law Offices of Aloy O. Ibuzor (Jerome F.X. Hoffman, Esq.), for appellant.
Law Offices of Melissa Betancourt, P.C. (Melissa Betancourt, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Carol Ruth Feinman, J.), entered October 21, 2014. The order denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion for summary judgment.




ORDERED that the order is reversed, with $30 costs, and the matter is remitted to the Civil Court to be held in abeyance pending a determination by the Workers' Compensation Board of the parties' rights under the Workers' Compensation Law.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint, arguing that plaintiff's assignor had been injured during the course of his employment. Plaintiff cross-moved for summary judgment. By order entered October 21, 2014, the Civil Court denied defendant's motion and granted plaintiff's cross motion.
Defendant proffered sufficient evidence to support its contention that there was an issue as to whether plaintiff's assignor had been acting in the course of his employment at the time of the accident and that, therefore, workers' compensation benefits might be available (see e.g. Arce Med. & Diagnostic Svce v American Tr. Ins. Co., 39 Misc 3d 134[A], 2013 NY Slip Op 50531[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Jamaica Med. Supply, Inc. v American Tr. Ins. Co., 34 Misc 3d 133[A], 2011 NY Slip Op 52371[U] [App Term, 2d Dept, 2d, [*2]11th & 13th Jud Dists 2011]; D.A.V. Chiropractic, P.C. v American Tr. Ins. Co., 29 Misc 3d 128[A], 2010 NY Slip Op 51738[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; cf. Westchester Med. Ctr. v American Tr. Ins. Co., 60 AD3d 848 [2009]). " Since primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board,' it is inappropriate for the courts to express views with respect thereto pending determination by the board' " (Monteiro v Rasraj Foods & Catering, Inc., 79 AD3d 827, 829 [2010], quoting Botwinick v Ogden, 59 NY2d 909, 911 [1983]). Consequently, the issue of whether plaintiff's assignor was acting as an employee at the time of the accident must be resolved by the Workers' Compensation Board (see O'Rourke v Long, 41 NY2d 219 [1976]; Siekkeli v Mark Mariani, Inc., 119 AD3d 766 [2014]; Dunn v American Tr. Ins. Co., 71 AD3d 629, 629-630 [2010]; Jamaica Med. Supply, Inc. v American Tr. Ins. Co., 34 Misc 3d 133[A], 2011 NY Slip Op 52371[U]; D.A.V. Chiropractic, P.C. v American Tr. Ins. Co., 29 Misc 3d 128[A], 2010 NY Slip Op 51738[U]) and, indeed, the record indicates that an application to the Workers' Compensation Board has been made.
Accordingly, the order is reversed and the matter is remitted to the Civil Court to be held in abeyance pending a determination by the Workers' Compensation Board of the parties' rights under the Workers' Compensation Law.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 19, 2017