New Millennium Radiology, P.C., as Assignee of Ovispo Rivera, Respondent, 
against
American Transit Ins. Co., Appellant.




Law Offices of Daniel J. Tucker (Daniel J. Tucker and Netanel BenChaim of counsel), for appellant.
Law Offices of Damin J. Toell, P.C. (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered October 23, 2015. The order (1) denied defendant's motion for an order staying the action pending a determination by the Workers' Compensation Board of the parties' rights under the Workers' Compensation Law and, in the event that plaintiff fails to file proof of such an application to the Workers' Compensation Board with the court within 90 days of the date of the court's order, granting defendant summary judgment dismissing the complaint, and (2) granted plaintiff's cross motion for summary judgment.




ORDERED that the order is reversed, with $30 costs, defendant's motion is granted to the extent that the matter shall be held in abeyance pending a prompt application to the Workers' Compensation Board for a determination of the parties' rights under the Workers' Compensation Law, and, in the event that plaintiff fails to file proof with the Civil Court of such application within 90 days of the date of this decision and order, the Civil Court shall grant defendant summary judgment dismissing the complaint and deny plaintiff's cross motion for summary judgment unless plaintiff shows good cause why the complaint should not be dismissed.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for an order staying the action pending a determination by the Workers' Compensation Board of the parties' rights under the Workers' Compensation Law and, in the event plaintiff fails to file proof of such an application to the Workers' Compensation Board with the court within 90 days of the date of the court's order, granting defendant summary judgment dismissing the complaint. Defendant argued that plaintiff's assignor had been injured during the course of his employment. Plaintiff cross-moved for summary judgment. By order entered October 23, 2015, the Civil Court denied defendant's motion and granted plaintiff's cross motion.
Defendant proffered sufficient evidence to support its contention that there was an issue as to whether plaintiff's assignor had been acting in the course of his employment at the time of the accident and that, therefore, workers' compensation benefits might be available (see e.g. Arce [*2]Med. & Diagnostic Svce v American Tr. Ins. Co., 39 Misc 3d 134[A], 2013 NY Slip Op 50531[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Jamaica Med. Supply, Inc. v American Tr. Ins. Co., 34 Misc 3d 133[A], 2011 NY Slip Op 52371[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; D.A.V. Chiropractic, P.C. v American Tr. Ins. Co., 29 Misc 3d 128[A], 2010 NY Slip Op 51738[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; cf. Westchester Med. Ctr. v American Tr. Ins. Co., 60 AD3d 848 [2009]). "Since primary jurisdiction with respect to determination as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board, 'it is inappropriate for the courts to express views with respect thereto pending determination by the board' " (Monteiro v Rasraj Foods & Catering, Inc., 79 AD3d 827, 829 [2010], quoting Botwinick v Ogden, 59 NY2d 909, 911 [1983]). This issue must be resolved in the first instance by the Workers' Compensation Board (see O'Rourke v Long, 41 NY2d 219 [1976]; Siekkeli v Mark Mariani, Inc., 119 AD3d 766 [2014]; Dunn v American Tr. Ins. Co., 71 AD3d 629, 629-630 [2010]; Jamaica Med. Supply, Inc. v American Tr. Ins. Co., 34 Misc 3d 133[A], 2011 NY Slip Op 52371[U]; D.A.V. Chiropractic, P.C. v American Tr. Ins. Co., 29 Misc 3d 128[A], 2010 NY Slip Op 51738[U]).
Plaintiff's argument that it believes that Workers' Compensation Law § 28 renders any claim for workers' compensation benefits untimely in this case—because plaintiff's assignor did not make an application for benefits within two years of the date of the accident—is unavailing, particularly where, as here, defendant demonstrated, and plaintiff did not deny, that defendant had timely denied plaintiff's claim on the ground that plaintiff's assignor was injured during the course of his employment.
Accordingly, the order is reversed, defendant's motion is granted to the extent that the matter shall be held in abeyance pending a prompt application to the Workers' Compensation Board for a determination of the parties' rights under the Workers' Compensation Law, and, in the event that plaintiff fails to file proof with the Civil Court of such application within 90 days of the date of this decision and order, the Civil Court shall grant defendant summary judgment dismissing the complaint and deny plaintiff's cross motion for summary judgment unless plaintiff shows good cause why the complaint should not be dismissed.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 15, 2018