Active Care Medical Supply Corp., as Assignee of Luciano Ernesto, Appellant,
against
American Transit Ins. Co., Respondent.




The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Law Offices of James F. Sullivan, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered May 2, 2016. The order granted the branch of defendant's cross motion seeking to hold the action in abeyance pending a determination by the Workers' Compensation Board of the parties' rights under the Workers' Compensation Law.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint or, in the alternative, to hold the action in abeyance pending an application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law based upon plaintiff's assignor's alleged eligibility for workers' compensation benefits. By order entered May 2, 2016, the Civil Court granted the branch of defendant's cross motion seeking to hold the action in abeyance. Plaintiff appeals.
Defendant proffered sufficient evidence to support its contention that there is an issue of fact as to whether plaintiff's assignor had been acting in the course of his employment at the time of the accident and that, therefore, workers' compensation benefits might be available (see New Millennium Radiology, P.C. v American Tr. Ins. Co., 60 Misc 3d 128[A], 2018 NY Slip Op 50940[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; Compas Med., P.C. v American Tr. Ins. Co., 49 Misc 3d 146[A], 2015 NY Slip Op 51675[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Arce Med. & Diagnostic Svce v American Tr. Ins. Co., 39 Misc 3d 134[A], 2013 NY Slip Op 50531[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; cf. Westchester Med. Ctr. v American Tr. Ins. Co., 60 AD3d 848 [2009]). "Since primary jurisdiction with respect to the determination as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board, it is 'inappropriate for the courts to express views with respect thereto pending determination by the board' " (Monteiro [*2]v Rasraj Foods & Catering, Inc., 79 AD3d 827, 829 [2010], quoting Botwinick v Ogden, 59 NY2d 909, 911 [1983]). In the case at bar, the Civil Court correctly recognized that the issue of eligibility for workers' compensation benefits must be resolved in the first instance by the Workers' Compensation Board (see O'Rourke v Long, 41 NY2d 219 [1976]; Siekkeli v Mark Mariani, Inc., 119 AD3d 766 [2014]; Dunn v American Tr. Ins. Co., 71 AD3d 629 [2010]; New Millennium Radiology, P.C., 60 Misc 3d 128[A], 2018 NY Slip Op 50940[U]) before the court considers whether plaintiff is entitled to recover first-party no-fault benefits.
Accordingly, the order is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 22, 2019