Quality Health Product, Inc., as Assignee of Jean Louis, Appellant, 
against
American Transit Insurance Company, Respondent. 




Zara Javakov, P.C. (Zara Javakov of counsel), for appellant.
Law Office of Daniel J. Tucker, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Joy F. Campanelli, J.), entered May 16, 2017. The order granted defendant's motion to, in effect, hold the proceeding in abeyance pending a determination by the Workers' Compensation Board of the parties' rights under the Workers' Compensation Law.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for an order staying the action pending a determination by the Workers' Compensation Board of the parties' rights under the Workers' Compensation Law and, in the event plaintiff fails to file proof of such an application to the Workers' Compensation Board with the court within 90 days of the date of the court's order, granting defendant summary judgment dismissing the complaint. Defendant argued that plaintiff's assignor had been injured during the course of his employment. By order entered May 16, 2017, the Civil Court granted defendant's motion.
Contrary to plaintiff's contention, defendant proffered sufficient evidence to support its contention that there was an issue as to whether plaintiff's assignor had been acting in the course of his employment at the time of the accident and that, therefore, workers' compensation benefits might be available (see e.g. Arce Med. & Diagnostic Svce v American Tr. Ins. Co., 39 Misc 3d 134[A], 2013 NY Slip Op 50531[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Jamaica Med. Supply, Inc. v American Tr. Ins. Co., 34 Misc 3d 133[A], 2011 NY Slip Op [*2]52371[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; D.A.V. Chiropractic, P.C. v American Tr. Ins. Co., 29 Misc 3d 128[A], 2010 NY Slip Op 51738[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; cf. Westchester Med. Ctr. v American Tr. Ins. Co., 60 AD3d 848 [2009]). "Since 'primary jurisdiction with respect to determination as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board,' it is 'inappropriate for the courts to express views with respect thereto pending determination by the board' " (Monteiro v Rasraj Foods & Catering, Inc., 79 AD3d 827, 829 [2010], quoting Botwinick v Ogden, 59 NY2d 909, 911 [1983]). This issue must be resolved in the first instance by the Workers' Compensation Board (see O'Rourke v Long, 41 NY2d 219 [1976]; Siekkeli v Mark Mariani, Inc., 119 AD3d 766 [2014]; Dunn v American Tr. Ins. Co., 71 AD3d 629, 629-630 [2010]; Jamaica Med. Supply, Inc. v American Tr. Ins. Co., 34 Misc 3d 133[A], 2011 NY Slip Op 52371[U]; D.A.V. Chiropractic, P.C. v American Tr. Ins. Co., 29 Misc 3d 128[A], 2010 NY Slip Op 51738[U]). Consequently, the Civil Court properly granted defendant's motion to hold the action in abeyance pending a determination by the Workers' Compensation Board of the parties' rights under the Workers' Compensation Law.
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 29, 2019