Matter of Global Liberty Ins. Co. of N.Y. v North Shore Family Chiropractic, PC (2019 NY Slip Op 08951)





Matter of Global Liberty Ins. Co. of N.Y. v North Shore Family Chiropractic, PC


2019 NY Slip Op 08951


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Richter, J.P., Manzanet-Daniels, Webber, Gesmer, JJ.


10571 28391/18E

[*1] In re Global Liberty Insurance Company of New York, Petitioner-Appellant-Respondent,
v
North Shore Family Chiropractic, PC, as assignee of Ramon Martinez, et al., Respondents-Respondents-Appellants.


The Law Office of Jason Tenenbaum, P.C., Garden City (Talia Beard of counsel), for appellant-respondent.
Gary Tsirelman, P.C., Brooklyn (Gary Tsirelman of counsel), for respondents-appellants.



Order, Supreme Court, Bronx County (Donna Mills, J.), entered February 1, 2019, which granted respondents' motion to vacate, pursuant to stipulation, an order entered on default vacating an arbitration award, deny the petition to vacate the award, and grant statutory attorneys' fees, to the extent of dismissing the petition, unanimously modified, on the law, to remand for a determination of respondents' attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4), and otherwise affirmed, without costs.
Petitioner failed to establish that respondents' assignor was injured in the course of his employment, and therefore that it properly denied his claim because workers' compensation benefits were available to him (see Westchester Med. Ctr. v American Tr. Ins. Co., 60 AD3d 848, 849 [2d Dept 2009]). Although the assignor was allegedly injured while driving a livery car, his license from the New York Taxi and Limousine Commission was issued that day. Further, petitioner submitted no evidence that the assignor was on duty or carrying a paying passenger at the time of the incident (cf. Matter of Aminov v New York Black Car Operators Injury Compensation Fund, 2 AD3d 1007, 1007-1008 [3d Dept 2003], lv denied 4 NY3d 709 [2005]).
Supreme Court had the authority to award attorneys' fees in connection with a "court appeal from a master arbitration award and any further appeals" (11 NYCRR 65-4.10[j][4]). Because the court failed to address respondents' request for attorneys' fees, the matter is remanded for a determination of the amount of fees to which respondents are entitled (see Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703 [2d Dept 2017]), including fees for the instant appeal (see Matter of Country-Wide Ins. Co. v Bay Needle Acupuncture, P.C., 167 AD3d 404, 405 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK