Madison Prods. of USA, Inc. v American Tr. Ins. Co. (2020 NY Slip Op
50749(U))

[*1]

Madison Prods. of USA, Inc. v American Tr. Ins. Co.

2020 NY Slip Op 50749(U) [67 Misc 3d 144(A)]

Decided on June 26, 2020

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 26, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHAEL L. PESCE, P.J., MICHELLE WESTON, THOMAS P.
ALIOTTA, JJ

2017-1182 K C

Madison Products of USA, Inc., as
Assignee of Pierre, Luxio, Appellant, 
against
American Transit Ins. Co., Respondent.

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Law Offices of Daniel J. Tucker (Matteo G. Sandusky of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Joy
F. Campanelli, J.), entered February 15, 2017. The order denied plaintiff's motion for
summary judgment and granted defendant's cross motion to, in effect, hold the
proceeding in abeyance pending a determination by the Workers' Compensation Board of
the parties' rights under the Workers' Compensation Law.

ORDERED that the order is modified by deleting the provision thereof granting the
branch of defendant's cross motion seeking, in effect, to hold the fifth cause of action in
abeyance pending a determination by the Workers' Compensation Board of the parties'
rights under the Workers' Compensation Law and the provision thereof denying
plaintiff's motion for summary judgment, and substituting, for the latter, a provision
holding plaintiff's motion in abeyance until it is ripe for determination; as so modified,
the order is affirmed, without costs, and the matter is remitted to the Civil Court for a
new determination, following a framed issue hearing, of the branch of defendant's cross
motion seeking, in effect, to hold the fifth cause of action in abeyance pending a
determination by the Workers' Compensation Board of the parties' rights under the
Workers' Compensation Law, in accordance with this decision.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff
asserted five causes of action based on five claims and moved for summary judgment
thereon. Defendant cross-moved for an order staying the action pending a determination
by the Workers' Compensation Board of the parties' rights under the Workers'
Compensation Law and directing that, in the event plaintiff fails to file proof with the
court of such an application to the Workers' Compensation Board within 90 days of the
date of the court's order, defendant would be granted summary judgment dismissing the
complaint. Defendant argued that plaintiff's assignor had been [*2]injured during the course of his employment. By order
entered February 15, 2017, the Civil Court denied plaintiff's motion and granted
defendant's cross motion.
Contrary to plaintiff's contention, defendant proffered sufficient evidence to support
its contention that there was an issue as to whether plaintiff's assignor had been acting in
the course of his employment at the time of the accident and that, therefore, workers'
compensation benefits might be available (see e.g. Arce Med. & Diagnostic Svce v American Tr. Ins.
Co., 39 Misc 3d 134[A], 2013 NY Slip Op 50531[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2013]; Jamaica Med. Supply, Inc. v American Tr. Ins. Co., 34 Misc 3d
133[A], 2011 NY Slip Op 52371[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2011]; D.A.V.
Chiropractic, P.C. v American Tr. Ins. Co., 29 Misc 3d 128[A], 2010 NY Slip
Op 51738[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; cf. Westchester Med. Ctr. v
American Tr. Ins. Co., 60 AD3d 848 [2009]). "Since 'primary jurisdiction with
respect to determinations as to the applicability of the Workers' Compensation Law has
been vested in the Workers' Compensation Board,' it is 'inappropriate for the courts to
express views with respect thereto pending determination by the board' " (Monteiro v Rasraj Foods &
Catering, Inc., 79 AD3d 827, 829 [2010], quoting Botwinick v Ogden,
59 NY2d 909, 911 [1983]). This issue must be resolved in the first instance by the
Workers' Compensation Board (see O'Rourke v Long, 41 NY2d 219 [1976]; Siekkeli v Mark Mariani, Inc.,
119 AD3d 766 [2014]; Dunn v American Tr. Ins. Co., 71 AD3d 629, 629-630
[2010]; Jamaica Med. Supply,
Inc. v American Tr. Ins. Co., 34 Misc 3d 133[A], 2011 NY Slip Op 52371[U];
D.A.V. Chiropractic, P.C. v
American Tr. Ins. Co., 29 Misc 3d 128[A], 2010 NY Slip Op 51738[U]).
In light of the foregoing, the Civil Court properly granted the branches of defendant's
cross motion seeking, in effect, to hold the first through fourth causes of action in
abeyance pending a determination by the Workers' Compensation Board of the parties'
rights under the Workers' Compensation Law; however, instead of denying plaintiff's
motion for summary judgment, the court should have held that motion in abeyance until,
if ever, it becomes ripe for determination. Moreover, with respect to the fifth cause of
action, plaintiff correctly argues that there is a threshold issue to be
decided—namely, whether defendant's workers' compensation defense is
precluded as to that cause of action because defendant failed to timely deny the claim (see Westchester Med. Ctr. v
Lincoln Gen. Ins. Co., 60 AD3d 1045, 1046 [2009]; Friedman v Allstate Ins. Co.,
51 Misc 3d 129[A], 2016 NY Slip Op 50390[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2016]). On the record before us, the date on which defendant
received the claim underlying the fifth cause of action cannot be determined;
consequently, this issue of fact must first be resolved following a framed issue hearing.
If, after that hearing, the Civil Court finds that defendant timely denied the claim, the
branch of defendant's cross motion seeking to hold this cause of action in abeyance
pending a determination by the Workers' Compensation Board of the parties' rights under
the Workers' Compensation Law should be granted, for the reasons stated above. If the
Civil Court finds that defendant did not timely deny the claim, the branch of defendant's
cross motion seeking to hold that cause of action in abeyance should be denied, as
defendant's defense based on the Workers' Compensation Law would be precluded;
whereupon, the branch of plaintiff's motion seeking summary judgment on that cause of
action will become ripe for resolution by the Civil Court.
Accordingly, the order is modified by deleting the provision thereof granting the
branch [*3]of defendant's cross motion seeking, in effect,
to hold the fifth cause of action in abeyance pending a determination by the Workers'
Compensation Board of the parties' rights under the Workers' Compensation Law and the
provision thereof denying plaintiff's motion for summary judgment, and substituting, for
the latter, a provision holding plaintiff's motion in abeyance until it is ripe for
determination, and the matter is remitted to the Civil Court for a new determination,
following a framed issue hearing, of the branch of defendant's cross motion seeking, in
effect, to hold the fifth cause of action in abeyance pending a determination by the
Workers' Compensation Board of the parties' rights under the Workers' Compensation
Law.
WESTON and ALIOTTA, JJ., concur.
PESCE, P.J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 26, 2020