Leone v A World of Pups, Inc. (2020 NY Slip Op 50750(U))

[*1]

Leone v A World of Pups, Inc.

2020 NY Slip Op 50750(U) [67 Misc 3d 144(A)]

Decided on June 26, 2020

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 26, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, WAVNY
TOUSSAINT, JJ

2018-1846 K C

Nicholas Leone, Respondent, 
against
A World of Pups, Inc. and A World of Pups & Pets, Inc.,
Appellants. 

Gullo & Associates, LLP (Christina Carollo of counsel), for appellants.
Nicholas Leone, respondent pro se.

Appeal from a judgment of the Civil Court of the City of New York, Kings County
(Robin Kelly Sheares, J.), entered February 26, 2018. The judgment, after a nonjury trial,
awarded plaintiff the principal sum of $4,191.69.

ORDERED that the judgment is affirmed, without costs.
At a nonjury trial in this small claims action, plaintiff testified that he had purchased
a dog, Zoey, from defendants' store for the price of $4,191.69. The day after the
purchase, Zoey became very ill. Upon the advice of defendants' owner, plaintiff brought
Zoey to defendants' veterinarian, but there was no improvement. Defendants' owner then
directed plaintiff to return Zoey so he could try to get her well. Plaintiff never saw Zoey
again and never received a refund. Defendants' owner denied taking Zoey back.
Following the trial, the Civil Court awarded plaintiff the principal sum of $4,191.69.
In a small claims action, our review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and
principles of substantive law" (CCA 1807; see CCA 1804; Ross v
Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126
[2000]). Furthermore, the determination of a trier of fact as to issues of credibility is
given substantial deference, as a trial court's opportunity to observe and evaluate the
testimony and demeanor of the witnesses affords it a better perspective from which to
assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992];
Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with
greater force to judgments rendered in the Small Claims Part of the court (see
Williams v Roper, 269 AD2d at 126). Moreover, a small claims court is generally not
"bound by statutory provisions or rules of practice, procedure, [*2]pleading or evidence" (CCA 1804).
The parties disputed whether Zoey was returned to defendants, pursuant to
defendants' instructions, and never returned. We find no basis to disturb the court's
determination in favor of plaintiff, as plaintiff established a cause of action based on
conversion.
As the judgment provided the parties with substantial justice (see CCA 1804,
1807), the judgment is affirmed.
WESTON, J.P., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 26, 2020