Madison Products of USA, Inc., as Assignee of Pierre, Luxio, Appellant, 
against
American Transit Ins. Co., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Law Offices of Daniel J. Tucker (Matteo G. Sandusky of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Joy F. Campanelli, J.), entered February 15, 2017. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion to, in effect, hold the proceeding in abeyance pending a determination by the Workers' Compensation Board of the parties' rights under the Workers' Compensation Law.
ORDERED that the order is modified by deleting the provision thereof granting the branch of defendant's cross motion seeking, in effect, to hold the fifth cause of action in abeyance pending a determination by the Workers' Compensation Board of the parties' rights under the Workers' Compensation Law and the provision thereof denying plaintiff's motion for summary judgment, and substituting, for the latter, a provision holding plaintiff's motion in abeyance until it is ripe for determination; as so modified, the order is affirmed, without costs, and the matter is remitted to the Civil Court for a new determination, following a framed issue hearing, of the branch of defendant's cross motion seeking, in effect, to hold the fifth cause of action in abeyance pending a determination by the Workers' Compensation Board of the parties' rights under the Workers' Compensation Law, in accordance with this decision.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff asserted five causes of action based on five claims and moved for summary judgment thereon. Defendant cross-moved for an order staying the action pending a determination by the Workers' Compensation Board of the parties' rights under the Workers' Compensation Law and directing that, in the event plaintiff fails to file proof with the court of such an application to the Workers' Compensation Board within 90 days of the date of the court's order, defendant would be granted summary judgment dismissing the complaint. Defendant argued that plaintiff's assignor had been [*2]injured during the course of his employment. By order entered February 15, 2017, the Civil Court denied plaintiff's motion and granted defendant's cross motion.
Contrary to plaintiff's contention, defendant proffered sufficient evidence to support its contention that there was an issue as to whether plaintiff's assignor had been acting in the course of his employment at the time of the accident and that, therefore, workers' compensation benefits might be available (see e.g. Arce Med. & Diagnostic Svce v American Tr. Ins. Co., 39 Misc 3d 134[A], 2013 NY Slip Op 50531[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Jamaica Med. Supply, Inc. v American Tr. Ins. Co., 34 Misc 3d 133[A], 2011 NY Slip Op 52371[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; D.A.V. Chiropractic, P.C. v American Tr. Ins. Co., 29 Misc 3d 128[A], 2010 NY Slip Op 51738[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; cf. Westchester Med. Ctr. v American Tr. Ins. Co., 60 AD3d 848 [2009]). "Since 'primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board,' it is 'inappropriate for the courts to express views with respect thereto pending determination by the board' " (Monteiro v Rasraj Foods & Catering, Inc., 79 AD3d 827, 829 [2010], quoting Botwinick v Ogden, 59 NY2d 909, 911 [1983]). This issue must be resolved in the first instance by the Workers' Compensation Board (see O'Rourke v Long, 41 NY2d 219 [1976]; Siekkeli v Mark Mariani, Inc., 119 AD3d 766 [2014]; Dunn v American Tr. Ins. Co., 71 AD3d 629, 629-630 [2010]; Jamaica Med. Supply, Inc. v American Tr. Ins. Co., 34 Misc 3d 133[A], 2011 NY Slip Op 52371[U]; D.A.V. Chiropractic, P.C. v American Tr. Ins. Co., 29 Misc 3d 128[A], 2010 NY Slip Op 51738[U]).
In light of the foregoing, the Civil Court properly granted the branches of defendant's cross motion seeking, in effect, to hold the first through fourth causes of action in abeyance pending a determination by the Workers' Compensation Board of the parties' rights under the Workers' Compensation Law; however, instead of denying plaintiff's motion for summary judgment, the court should have held that motion in abeyance until, if ever, it becomes ripe for determination. Moreover, with respect to the fifth cause of action, plaintiff correctly argues that there is a threshold issue to be decided—namely, whether defendant's workers' compensation defense is precluded as to that cause of action because defendant failed to timely deny the claim (see Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045, 1046 [2009]; Friedman v Allstate Ins. Co., 51 Misc 3d 129[A], 2016 NY Slip Op 50390[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). On the record before us, the date on which defendant received the claim underlying the fifth cause of action cannot be determined; consequently, this issue of fact must first be resolved following a framed issue hearing. If, after that hearing, the Civil Court finds that defendant timely denied the claim, the branch of defendant's cross motion seeking to hold this cause of action in abeyance pending a determination by the Workers' Compensation Board of the parties' rights under the Workers' Compensation Law should be granted, for the reasons stated above. If the Civil Court finds that defendant did not timely deny the claim, the branch of defendant's cross motion seeking to hold that cause of action in abeyance should be denied, as defendant's defense based on the Workers' Compensation Law would be precluded; whereupon, the branch of plaintiff's motion seeking summary judgment on that cause of action will become ripe for resolution by the Civil Court.
Accordingly, the order is modified by deleting the provision thereof granting the branch [*3]of defendant's cross motion seeking, in effect, to hold the fifth cause of action in abeyance pending a determination by the Workers' Compensation Board of the parties' rights under the Workers' Compensation Law and the provision thereof denying plaintiff's motion for summary judgment, and substituting, for the latter, a provision holding plaintiff's motion in abeyance until it is ripe for determination, and the matter is remitted to the Civil Court for a new determination, following a framed issue hearing, of the branch of defendant's cross motion seeking, in effect, to hold the fifth cause of action in abeyance pending a determination by the Workers' Compensation Board of the parties' rights under the Workers' Compensation Law.
WESTON and ALIOTTA, JJ., concur.
PESCE, P.J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 26, 2020